Judge Mills
delivered the opinion of the court,
Morton and Clifford brought their action of covenant in the court below against Shryock and Gough, and filed their declaration setting forth the covenant and assigning breaches. Shryock and Gough brought a cross action on the same covenant, and in like manner filed their declaration. An order of reference is then made of these two suits, and before the order is entered, another case of Shryock and Gough against Morton and Clifford, is likewise set down as a preface to the order, and thence it would seem that not only the two actions of covenant, but another case between the same parties was referred to the same arbitrators. The order of reference uses the expression, “these causes," but does not state their number. But there is no declaration or writ in the action on the case appearing in the record. *562 An award is then returned, awarding to Morton and Clifford a sum of money. This award is also headed, not only with the two actions of covenant, but also the action on the case setting the two cases of Shryock and Gough against Morton and Clifford, the last, and the award concludes in these words, “It is the express intention of the arbitrators, that this award is made upon a full view and hearing of each and all of the above suits. And we accordingly award, that the two suits. "last mentioned, be discontinued at the costs of the plaintiffs.” Judgement was rendered on this award, and therefore, Shryock and Gough have appealed to this court, and now assign for error.
An award made under a submission of three cases by order of court, in one of which declaration or statement of the dispute is filed, is void as to the latter, but good as to the two cases where declarations are filed. Vid. 1 Marsh. Cart. right against Trumbo, 359, acc.
1. That there is no declaration or statement of facts in any shape, touching the action upon the case as is required by law, therefore, all subsequent proceedings are void.
2. That the award returned was erroneous in requiring a dismission of the action upon the case, because there was no declaration or statement of facts in that action.
3. That it does not appear that the arbitrators were, sworn before they proceeded to hear the parties; the statement being that they were sworn, but not shewing the time when, only by that being one of the first allegations in the award.
4. That it was erroneous to enter judgment on the award, because that the person said to have sworn the referrees did not appear to have been authorised to do so, when that exception was taken in the court below; and no evidence appears shewing that he was so authorised to administer the oath.
5. The judgment was improperly rendered at the time it was; the time allowed to the parties by law not being expired.
The sixth error is the same in substance with the first and second, and will be decided in considering them. The first, and second errors assigned will be considered together.
It has been repeatedly decided by this court, that it is necessary that a declaration, or some statement of the case, should be filed, shewing what was in contest, before an award could be sustained, and such is the express requisition of the act of assembly concerning awards. But in the present case there is no evidence shewing that any action upon the case was depending between the parties. No writ or declaration is produced. We are therefore to presume that the entry of such a suit on the order book, before the *563 order of reference, was barely a clerical mistake, which led the arbitrators to suppose that such a suit was submitted. We cannot conceive that the arbitrators on this point have decided any matter of controversy, or that either of the parties can be deprived of any of their rights by the award, when no such case was submitted to their determination. Of course, we deem all said on that point, both in the order and the award, as mere surplusage, which ought not to vitiate what they have rightly done.
If the award states that arbitrators were sworn it is not necessary to shew before whom they were sworn it will be presumed they were legally sworn Vide 1 Marsh 190, acc.
An exception taken on the court below must state the evidence on which the opinion was given.
The third and fourth assignment of error may, likewise, be considered together. The award states the day when the referrees first met, and immediately after their meeting adds, “when Oliver Keene, Esq. administered the oath prescribed by law to them;” and then proceeding with the history, states, that the papers were submitted, and the evidence introduced. No‘ person can reasonably doubt from this history, that the administration of the oath was the first act performed previous to their entering upon the duties assigned them. As to their not shewing that the person, who administered the oath, was authorised to do so, this answer presents itself:—They might barely have stated that they were sworn, or that the oath was administered without saying by whom, and it would have been sufficient to sustain the award. This court, would then have no hesitation in presuming that they were properly sworn, as the law requires. How then can their naming the person, by whom it was done, cut off the right of the court to presume any thing? If barely saying they were sworn, will authorise the presumption that they were sworn by some person duly authorised, how will their naming the person lessen the right to presume he had authority? Besides, if the authority could not be presumed, the appellants took this exception of the court below, and it was overruled, and they excepted to the opinion of the court, and have not stated what evidence was produced on the motion, When it was competent for the appellees to shew the authority to administer the the evidence de hors the record, which they may have done in the court below. These exceptions cannot, therefore, be sustained.
As to the fifth assignment error, it is contradicted by the record. The award was returned to the March term of that court, wen the appellants appeared and moved to set it stride. Their motion was overruled, and judgment not rendered till the June term following, and then the ap *564 pellants appeared and excepted to the opinion of the court his motion.
Haggin for appellant, Pope, Wickliffe and Talbot contra.
The opinion of the court below must, therefore, be affirmed with damages and costs.