# WINTER SESSIONS,

## 1904.

———o———

THE BAY STATE GAS COMPANY, a corporation organized under the Laws of the State of Delaware, plaintiff in error, *vs.* THE STATE OF DELAWARE, upon the relation of HARRY CONTENT AND WALTER CONTENT, Co-partners, doing business under the firm name and style of H. CONTENT & COMPANY, defendants in error.

*Mandamus—General Corporation Law ; Construction of ; Effect of on Corporations Previously Created—Other Adequate Remedy —Retroactive Statute—Material Fact must be Sufficiently Averred—Peremptory Writ too General— Pleading—Practice.*

1. In a mandamus to compel the performance of the duty enjoined by Section 23 of the General Corporation Law in respect to making and filing a certificate of payments of installments of calls of capital stock, the corporation is a competent party defendant, notwithstanding the statute provides that such certificate shall be made by the President with the Secretary or Treasurer of the corporation. Such officers are competent, but not necessary, or the only, parties defendant.

2. Where there is any other plain, speedy, specific and adequate remedy at law, mandamus will not lie. But the remedy is not adequate unless it reaches the end intended, and actually compels the performance of the duty which has been neglected or refused. It must apply to the case, and afford the particular right to which the party is entitled. Section 24 of said Corporation Law, wherein a penalty is imposed upon the officers for a failure to make and file the certificate, does not furnish an adequate remedy, and does not relieve either the corporation or the officers from the performance of the duty prescribed by section 23. Mandamus will lie against the corporation, notwithstanding the penalty upon the officers.

3. Section 3 of said Corporation Law makes section 23 thereof applicable to corporations created by special act prior to the enactment of said law ; but such previously existing corporations can be required to furnish certificates only of payments of installments or calls of capital stock made *after* the enactment and approval of the corporation law.

33

4. The fact that the statute applies to corporations previously existing does not make the law retrospective or retroactive, if it does not affect or concern the past acts or conduct of such corporations, but only its future acts and conduct.

5. It was competent for the Legislature to impose upon a previously existing corporation the duty prescribed in section 23, notwithstanding the charter of such corporation had prescribed what its duties should be upon any *increase* of its capital stock While the duty imposed by section 23 may be an additional one, it is not an inappropriate or inconsistent one in the present case. Where the charter of the defendant company provides for a certificate in case of any *increase* of capital stock, and section 23 of the corporation law provides for a certificate in case of any *payments* of capital stock, there is no such inconsistency as will make the latter provision inapplicable.

6. The payment of capital stock *since* the approval of the General Corporation Law being a material and essential averment, it must be averred in the petition and alternative writ with sufficient particularity. An averment "that more than thirty days have elapsed since the payment of installments or calls of the capital stock of the said Bay State Gas Company, and upon information and belief that stock has been issued and there have been payments of installments or calls since March 10th, 1899," *held* insufficient.

7. The peremptory writ which commanded the defendant company "to make and file a certificate stating the amount of the installments or calls of capital stock paid, whether paid in cash or by the purchase of property, stating also the total amount of capital stock, if any, previously paid," etc., *held* too general.

8. The defendants in error must stand upon the order as made in the Court below, and if it is too general there is no power in this Court to change or modify the writ.

(*January 19, 1904.*)

NICHOLSON, CH., and PENNEWILL AND BOYCE, J. J., sitting.

*Walter H. Hayes* and *Herbert H. Ward* for plaintiff in error.

*Anthony Higgins* and *Herbert R. Limburger* (of the New York bar) for defendants in error.

Supreme Court, January Term, 1903.

WRIT OF ERROR to the Superior Court of New Castle County. MANDAMUS (Reargued at adjourned Term, July 3, 1903).

PENNEWILL, J., delivering the opinion of the Court:

On the 11th day of February, A. D., 1902, the plaintiffs below filed in the Superior Court in and for New Castle County a petition for a writ of peremptory mandamus, the object being to compel the defendant company to cause its President, with the Secretary or Treasurer, to file a certificate, in accordance with the statute in that behalf, stating therein the amount of the installments or calls of its capital stock paid, whether paid in cash or by the purchase of property; stating also the total amount of capital stock, and commanding the said company to cause its President, with the Secretary or Treasurer, to sign and swear or affirm to the said certificate, and to file the same immediately.

The statute referred to, and invoked by the plaintiffs below in support of their demand, is Section 23 of the General Corporation Law of this State, which was first enacted and approved in 1899, and re-enacted and approved as amended in 1901. Said Section is as follows:

"Section 23: The president with the secretary or treasurer of every corporation organized under this Act, upon payment of each installment or call of capital stock, and upon payment of each installment or call of every increase thereof, shall make a certificate, stating the amounts of the installments or calls so paid, and whether paid in cash or by the purchase of property, stating also the total amount of capital stock, if any, previously paid and reported, which certificate shall be signed and sworn or affirmed to by the president and secretary or treasurer, and they shall, within thirty days after the making of such payment or payments, cause the certificate to be filed in the office of the Secretary of State."

The petition filed by the plaintiffs below sets out at considerable length numerous facts and circumstances, many of which seem to be quite immaterial to the real question at issue; and we think it unnecessary to incorporate all of said petition in this

opinion. It is sufficient to say here that it sets out the incorpora-
tion of the defendant company April 24, 1889, together with the
amendment thereto of March 1, 1895; the record ownership of a
large holding of the capital stock of said company by the plaintiffs
below; the failure of the company to perform the duty desired after
demand or request, and many other facts not denied by the plain-
tiffs in error.

Indeed, there is but little, if any, difference between the
parties to this action as to the facts or averments contained in said
petition. The controversy arises not from the allegations of fact,
but from the contention of the defendants in error as to the appli-
cation of section 23, of the act above mentioned to the defendant
corporation, such application being denied by the plaintiffs in error.

The important question involved in the present case, therefore,
is whether the provisions of section 23 of said General Corporation
Law are applicable to corporations created by special act prior to
the enactment and approval of said Corporation Law.

The specific question to be determined is whether the defend-
ant company can be legally compelled to make and file, or cause to
be made and filed, by its President, with the Secretary or Treasurer,
the certificate provided for by section 23.

The Court below sustained the position taken by the plaintiffs,
and ordered and adjudged that a peremptory writ of mandamus
should issue in accordance with the prayer of the petitioners.

Some of the questions raised by the assignments of error are
identical in principle with those fully argued in this Court, and de-
cided without opinion, at the January Term, 1902, wherein the
same parties were defendants in error, and the said Bay State Gas
Company and John Edward Addicks, its President, were plaintiffs in
error. An opinion in that case has been handed down at the
present term, and it is deemed unnecessary to again pass upon the
same questions.

The assignments of error in the case at bar, which are not cov-
ered by the opinion in the previous case, seem to be all included in,

## BAY STATE GAS CO. vs. CONTENT & CO.   501

OPINION.

and covered by the following propositions stated by the plaintiffs in error in their brief, and which we will consider in their order.

1.   " The Bay State Gas Company is not a competent sole defendant in these proceedings for mandamus—*first*, because no duty is imposed on it as a corporation; and, *secondly*, because it has no power to obey the writ."

This contention is based upon the well settled rule that a writ of peremptory mandamus will never be issued against a party who has neither any duty to perform under the law, or who has no power to perform the command of the writ.  It is assumed, of course, in the argument upon this point by the plaintiff in error that it had no duty imposed upon it, as a corporation, to make and file the certificate mentioned, or of causing the same to be made; and it is also contended that even if such duty was imposed, the corporation had not the power to perform it.

It is true the language of section 23 is that " *The President with the Secretary or Treasurer* of every corporation shall make a certificate," etc.; and the duty of making and filing such certificate is undoubtedly placed upon the officers mentioned.  And, moreover, for a neglect or refusal of the officers to perform the duty, they become liable to the penalty imposed by section 24 of said act, which is as follows:

" SECTION 24.   If any of the said officers shall neglect or refuse to perform the duties required of them in the preceding section for thirty days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted after the making of such payments as provided for in the preceding section and before the filing of such certificate."

But it does not follow, we think, that because it is made

specifically the duty of the President, with the Secretary or Treasurer, to make the certificate, it is impossible, incompetent or even unreasonable, to require the corporation to cause the duty to be performed by the proper officers. They are the officers of the corporation and in the performance of the duty in question act officially and not individually. Every corporation must act by and through its regularly constituted officers; and if the statute had imposed the duty in question upon the corporation as such, the particular act must have been actually performed by the proper officer or officers. The imposition of a duty upon the officer best qualified to perform it does not relieve the corporation from the liability of causing the duty to be performed. In this case the thing required to be done under section 23 was a corporate act, even though it was to be performed by certain officers of the corporation, and there was a liability resting upon the company to see that the act was done.

The authorities cited in this connection by the plaintiffs in error, wherein the person who was to perform the act was a public officer, can have no application to the present case, because the duty could rest upon no one but the officer himself. There was no one else who could be liable or responsible for the performance.

It is not contended by the defendants in error that the *officers* mentioned in section 23 might not have been competent parties defendant, but their position is, that they were not the only parties who might be defendants, and against whom the writ might be directed. No doubt if such officers had been within the jurisdiction, and service upon them had been possible, they would have been made parties. But not being within reach of process, the action was taken against the corporation of which they were officers, to compel the performance of a statutory duty, which was a corporate act, to be peformed of course through certain officers of the corporation.

In view of what we have said upon this point it will not be necessary to dwell upon the second branch of this first proposition

BAY STATE GAS CO. vs. CONTENT & CO.   503

OPINION.

of the plaintiffs in error, viz.: That the Bay State Gas Company would have no power to perform the command of the writ. As we have above stated, any corporation must act, if it acts at all, through some qualified officer or agent, for in that way only can it perform a corporate act. And in regard to the duty in question, to wit: the making, swearing, or affirming to and filing the certificate, it had the same power of performance it would have had if the duty had been imposed upon the corporation by name. If the statute had so provided, it could not be denied that it would have been not only the duty, but within the power of the corporation, to perform the act.

At the argument particular stress was laid upon the point that the defendant company had not the power to obey the writ because it was impossible that it could compel the officers mentioned to swear or affirm to the certificate; that under the statute the certificate must not only be made and signed, but also sworn and affirmed to by the officers, and the latter part of the requirement was certainly not within the power of the corporation. A very good answer to this argument is that it does not sufficiently appear to the Court that the company might not be able to cause, or procure, even such an act to be performed by its own officers. It is assumed by the plaintiff in error that the officers would refuse to swear or affirm to the certificate, and the argument goes entirely upon such assumption. It is not seriously contended that the corporation would lack the power or ability to cause the certificate to be *made, signed* and *filed,* but only that it would be unable to *enforce the oath or affirmation.* Might it not be as reasonably and plausibly argued that the corporation would not have the power to compel the signing? They *might* lack the power in the one case as well as in the other, but we are unwilling to assume that the defendant company would be in such a helpless situation as to be unable to procure the performance of a plain legal duty by its own officers, over whom it is supposed to have some control. It is just as reasonable and fair to assume that the company will find some way to secure the

performance of the duty in question by the officers upon whom the performance is specifically imposed.

We are of the opinion that the Bay State Gas Company was a competent party defendant, and that while it might not have been improper to join, also as defendants, the President with the Secretary or Treasurer of the company, it was not necessary to do so. They were competent but not necessary parties to the action.

2.  " With reference to the non-performance of the duties imposed by section 23, there is a plain remedy provided by law in the statute itself; wherefore mandamus will not lie for the compelling of the performance of such duties."

There can be no doubt about the principle contained in this second proposition of the plaintiff in error, viz. : That where there is any other plain, speedy, specific and adequate remedy at law, mandamus will not lie. (*Merrill on Mandamus, Sec. 51.*) There is, however, very much doubt respecting the application of such principle to the facts in this case. The remedy is adequate when it reaches the end intended, and actually compels the performance of the duty which has been neglected or refused. It must apply to the case, and afford the particular right to which the party is entitled. Anything which falls short of that is not adequate or complete. (*Merrill on Mandamus, Sec. 53.*) It is true the officers whose duty it was to make the certificate in question became liable to the penalties provided in section 24 in case they failed or neglected to perform the duty imposed by section 23. The penalty so prescribed is the joint and several liability of the officers for all the debts of the corporation contracted after the making of the payments referred to in section 23, and before the filing of the certificate. But the imposition of a penalty upon the officers of a corporation for the non-performance of a legal duty is one thing, and the actual performance of the duty an entirely different thing. The furnishing of the information designed by section 23 may be, and in most cases doubtless is, of infinitely more value to the stock-

BAY STATE GAS CO. vs. CONTENT & CO.    505

OPINION.

holders and creditors of the corporation than the punishment of the officers as provided for by the following section. It is manifestly the purpose and intent of the law to give to stockholders, as well as to others interested in the corporation, a convenient means of acquiring such knowledge of the condition and management of the affairs of the company, as they might reasonably require. Indeed, if section 24 furnishes the only remedy, it would depend upon the solvency or financial condition of the officers whether there was any redress given at all, under the law, for a failure to perform the duty in question. We think that section 24 does not relieve either the corporation, or the officers, from the performance of the duty imposed by section 23, and that mandamus will lie against the corporation, notwithstanding the penalty prescribed against the officers by section 24.

3. " Section 23 has no application to the defendant corporation, inasmuch as it is not a corporation organized under the Act of 1901, but is a corporation organized and created under a private Act of 1889."

This contention raises practically the same question that was argued before this Court so fully and ably in the previous case between the parties hereto, and above referred to. In that case the question was whether section 29 of the General Corporation Law, which provided that certain books should be kept open to the examination of the stockholders at the principal office or place of business of the corporation in this State, was applicable to a corporation created by special act prior to the enactment and approval of the General Corporation Law, viz.: the Bay State Gas Company, the defendant in this case. This Court held that said section 29 was applicable to pre-existing corporations because of the provisions of section 3 of said Corporation Law.

We are unable to perceive any substantial difference in principle between the requirement of section 23 and that of section 29 in respect to its applicability to pre-existing corporations. If section 3 makes section 29 applicable to pre-existing corporations, it

would make section 23 equally so. We need do no more in this connection than refer to the opinion in the former case.

4. " The operation of section 23 is very apparently prospective, and not retrospective ar retroactive. It can therefore have no application to payments of capital stock authorized prior to the passage of the act."

The question here raised has given us considerably more trouble than any other involved in the case. It was for this reason that the Court asked for a re-argument upon this one point. But after a careful consideration of the oral arguments, as well as the briefs of counsel, we have reached the conclusion that the question does not, strictly speaking, involve the retrospective or retroactive operation of the statute. And, moreover, the defendants do not contend for such an application of the statute. As we now understand their position, it is simply this: That the Bay State Gas Company, under the statute, is bound, upon any payment of capital stock made *after* the approval of the General Corporation Law, to cause to be made, sworn or affirmed to, and file, the certificate mentioned in section 23. While they insist that said section was intended to apply both to corporations created *under* the Corporation Law, and to those created *prior* thereto, nevertheless they do not claim that corporations created prior to said act are compelled by said section to cause to be furnished a certificate respecting *payments made prior to the act*. And we can see no reason why a pre-existing corporation, such as the Bay State Gas Company, should not be within the operation of section 23 as to transactions falling within the contemplation of said section—that occurred after the approval of the General Corporation Law. The fact that the statute applies to a corporation previously existing, does not make the law retrospective or retroactive, if it does not affect or concern the past acts or conduct of such corporation, but only its future acts or conduct. And it is not unreasonable to assume, in the absence of anything in the statute, to the contrary, that the Legislature intended tha

BAY STATE GAS CO. vs. CONTENT & CO.     507

OPINION.

the provisions of section 23 should apply to all corporations of the State, regardless of the time or manner of their creation. Certainly if such provisions be desirable in respect to the new corporations, they are equally so in respect to the old. Public policy, the rights and interests of parties, indeed every consideration of public or private concern, would seem to demand that the statute in question should apply to the acts of all corporations which may have been performed since the enactment and approval of the General Corporation Law, if not inappropriate to or inconsistent with their charter.

5. "The charter of the defendant company having fully prescribed its duties upon the increase and issuance of its capital stock, such provisions constitute the full measure of its duty in this behalf; no general statute passed subsequent to the act of its creation can serve to alter, modify or increase its obligations or duties in such behalf; nor can any general statute passed subsequent to the full performance by the defendant company of the conditions and prescriptions of the act of its creation in this behalf render nugatory, incompetent or insufficient its performance of its charter prescribed duties in this behalf."

In view of what we have already said it seems unnecessary to notice at much length this proposition.

Notwithstanding the very able and earnest argument made by counsel for the plaintiff in error upon this point we are of the opinion that it was competent for the Legislature, by general statute, to impose upon the defendant company the duty prescribed in section 23. Although the charter of said company did prescribe its duties upon any *increase* of its capital stock, it was possible, we think, for the Legislature to prescribe the duty mentioned in section 23 for this as well as other corporations. Having such power, and having, as we believe, exercised it, the only question that remains to be considered is whether the defendant company might be compelled to perform the duty desired.

We have already answered this question, in a general way, in the affirmative; and will only add here that nothing, it seems, will relieve or excuse the company from such performance but the saving in the statute itself. Under section 3 above referred to, the duty in question is imposed only when appropriate to and not inconsistent with the charter rights of the corporation; and that, so far as we can see, is the only exception or qualification. While the duty imposed by section 23 may be an additional one, it is not inappropriate or inconsistent. The charter of the defendant company provided for a certificate in case of any *increase* of its capital stock; and section 23 of the General Corporation Law provides for a certificate in case of any *payments* of capital stock. The requirement of section 23, therefore, appears to be entirely consistent with the charter rights of the defendant company.

We have deemed it proper to pass upon the several preceding questions because they were clearly raised by the assignments of error, very fully argued by counsel, and are of general interest, involving constructions of our General Corporation Law.

But although we entertain no doubt of the applicability of section 23 to pre-existing corporations; or that the duties therein prescribed may be enforced by mandamus in a proper case and upon a proper petition; we do not think, under the petition filed in the Court below, which is, of course, the basis of the action, the plaintiffs below are entitled to the issuance of the peremptory writ. And there are two reasons, we think, why such writ should not have been ordered.

In the first place there is no sufficient averment in the petition, which is necessarily the case also in the alternative writ, that there was any *payment* of an installment or call of the capital stock of the defendant company *made subsequent* to the approval of the General Corporation Law. There is an averment " that more than thirty (30) days have elapsed since the payment of installments or calls of the capital stock of the said Bay State Gas Company, *and upon information and belief that stock has been issued and there have been payments of installments or calls since March 10th, 1899."*

BAY STATE GAS CO. vs. CONTENT & CO.    509

OPINION.

We have already stated that the plaintiffs below could require from the defendant company a certificate only as to transactions subsequent to the date of the said Corporation Law; and we also say that in order to enforce such right by mandamus it was necessary that they should sufficiently aver in their petition, and alternative writ, that there were payments of capital stock made subsequent to said act.

We do not mean by this that it is always necessary for it to appear that the petitioner has personal knowledge of the facts alleged, and upon which his application is based; but we do mean that in this case, that which is perhaps the most material allegation in the petition should have been set out with greater certainty and particularity. This averment seems very vague, indefinite and uncertain, after the positive allegation that the last increase of the capital stock was long prior to the date of the said Corporation Act. Under all the circumstances of the case, and considering that many other less material facts are so positively and circumstantially averred, this averment seems at best nothing more than a striking in the dark, a general and indefinite allegation that there *might* be something upon which an order for the peremptory writ could be made. The writ should not have been issued unless such a particular and material fact was properly pleaded and set out in the alternative writ, which stands for the declaration in an ordinary action; and we are of the opinion that it was not so pleaded.

The gravamen of the complaint, as stated in the inducement of the writ, must be distinctly charged, since the Court will infer no fault or dereliction on the part of the respondents for the purpose of sustaining the writ. It must show upon its face a clear right to the relief demanded, and the material facts on which the relator relies must be distinctly set forth, so that they may be admitted or traversed by the return. The remedy by mandamus is extraordinary, and if the right is doubtful, or the duty discretionary, or the power to enforce the duty wanting or inadequate, or if there be any other specific and legal remedy, the writ will not in general be al-

lowed. The right which it is sought to protect must be clearly established, and the writ is not granted in doubtful cases.—*McCoy vs. State, 2 Mar., 562.*

In the second place, the peremptory writ, which followed, of course, the prayer of the petition, commanded the said Bay State Gas Company, in accordance with the provisions of said statute (being the statute referred to in the petition aforesaid) to make and file a certificate stating the amount of the installments or calls of capital stock paid, whether paid in cash or by the purchase of property, stating also the total amount of capital stock, if any, previously paid and reported, etc.

We think the peremptory writ was too general in its scope. Its command is not limited to payments of capital stock made subsequently to the General Corporation Act, and it could not be so limited because of the averment contained in the petition therefor. But it is broad enough, erroneously, we think, to reach back and embrace any and all payments made since the creation and organization of the said defendant company. A full compliance with the order would require the defendant company to certify every and all payments, and how made, of its capital stock, since its creation; and this, we hold, it may not be required to do under any law of this State.

It is a well settled principle of the law of mandamus that the petitioner is entitled to all that he seeks or nothing, and therefore the command of the peremptory writ was in accordance with the prayer of the petitioner. And the plaintiffs below are entitled to the performance of the order in the peremptory writ, and to the whole of it, or they are not entitled to any portion of it. In this Court the defendants in error must stand upon the order as made in the Court below, if they stand at all. We think they were not entitled to all that was commanded in the peremptory writ, and such writ therefore should not have been issued. And, inasmuch as it is not in the power of this Court to change or modify said

BAY STATE GAS CO. vs. CONTENT & CO.    511

OPINION.

writ, we are compelled to hold that it was improperly and errone-
ously issued.

*Merrill on Mandamus, Sec. 296.*

The judgment of the Court below is reversed.