STATE VS. FRONT AND UNION STREET RAILWAY COMPANY, a corporation of the State of Delaware.

CORPORATIONS—ANNUAL REPORTS—FAILURE TO FILE—MISDEMEANOR
General:Incorporation Law, § 152, making it midsemeanor for corporation to fail to file annual report, applies to corporation created by special act prior to passage of the General Incorporation Act, especially in view of Const. art. 9, §§ 1, 2, 4, and General Incorporation Law, § 3.

(*July* 5, 1918.)

PENNEWILL, C. J. and BOYCE, J., sitting.
*David J. Reinhardt*, Attorney General, for the state.
*Andrew C. Gray* (of Ward, Gray and Neary) for defendant.
Court of General Sessions, Kent County, July Term, 1918.
INDICTMENT No. 18, February Term, 1916.
Argued at the April Term, 1918.

Front and Union Street Railway Company was indicted at the February term, 1916, for failing to file with the Secretary of State a copy of its annual report, under *section* 152, *c.* 65, *Rev. Code* 1915 (*section* 2066) *of the General Incorporation Law.* On motion to quash the fourth count in the indictment on the ground that the defendant, having been incorporated prior to the passage of the General Incorporation Law, was not bound by the provisions thereof. Motion to quash refused.

PENNEWILL, C. J., delivering the opinion of the court:
The Front and Union Street Railway Company was indicted at the February term, 1916, of the Court of General Sessions in New Castle County for "failing to file with the Secretary of State of the State of Delaware, within fifteen days from the expiration of its said fiscal year, to wit, within fifteen days from the thirty-first day of December, A. D. 1914, a certified copy of an annual report to the stockholders of said company   *   *   *   as the said company was required to do by the provisions of *section* 152 *of chapter* 65 *of the Revised Code of the state of Delaware* (which formerly was *section* 122, *chapter* 394, *Volume* 22, *Laws of Delaware*, as amended by *chapter* 190, *Volume* 27, *Laws of Delaware.*

No copy of its annual report was filed by the company with the Secretary of State, and the question presented to the court is, whether the defendant company, which was created by a special act of the Legislature prior to the passage of the General Incorporation Act under which this indictment was found, was required to file such report.

The defendant company was incorporated February 20, 1877, by an act of the General Assembly (15 *Del. Laws, pt.* 2, *c.* 432). Some time after 1897 it accepted the provisions of the present Constitution, and on June 15, 1910, amended its charter pursuant to the General Incorporation Law as found in *section* 1940 *of the Revised Code.*

The provisions of the Constitution more or less pertinent to the question before the court may be stated as follows:

Section 1: article 9:    No corporation shall hereafter be created,    *    *    *    nor shall any existing corporate charter be amended, renewed or revived by special act, but only by or under general law.

Section 2:    No corporation in existence at the adoption of this Constitution shall have its charter amended    *    *    *    without first filing    *    *    *    an acceptance of the provisions of this Constitution.

Section 4:    The rights, privileges, immunities and estates of    *    *    *    corporate bodies, except as herein otherwise provided, shall remain as if the Constitution of this state had not been altered.

The provisions of the General Incorporation Law material to the present inquiry are the following:

*Chapter* 65, § 3 (*Code,* § 1915):    In addition to the powers enumerated in the second section of this chapter, every corporation    *    *    *    shall possess and exercise all the powers and privileges contained in this chapter, and the powers expressly given in its chapter or in its certificate under which it was incorporated, so far as the same are necessary or convenient to the attainment of the objects set forth in such charter or certificate of incorporation; and shall be governed by the provisions and be subject to the restrictions and liabilities in this chapter contained, so far as the same are appropriate to and not inconsistent with such charter or act under which such corporation was formed; and no corporation shall possess or exercise any other corporate powers, except such incidental powers as shall be necessary to the exercise of the power so given.

*Section* 152 (*Code,* § 2066):    It shall be the duty of every    *    *    *    corporation created under the provisions of this chapter, as well as every corporation operating a railway line under this chapter, to make an annual report to the stockholders.    *    *    *    If it be a railway corporation created

under the provisions of this chapter, but which has leased or in any manner transferred its property and rights to operate its railway line to another corporation, such report shall state. \* \* \* The secretary \* \* \* shall within fifteen days from the expiration of its fiscal year file a certified copy thereof [said report] with the Secretary of State.

A failure to file such annual report with the Secretary of State within the time stated is made a misdemeanor by said statute.

The state contends that the defendant company was subject to the provisions of *section* 152 because it "was a railway corporation possessing property and rights to operate a railway line in the city of Wilmington, New Castle county, and did on July 1, 1910, lease its said property and rights to the Wilmington and Philadelphia Traction Company."

The defendant insists that it is not liable to the penalty provided for in said *section* 152 because that section has reference only to those corporations that were created under the provisions of the incorporation law.

We think the question involved in this case has been passed upon by the Supreme Court of this state in two cases, viz.: *Bay State Gas Co. v. Content & Co.*, 4 *Pennewill*, 238, 56 *Atl.* 1114, and another between the same parties and reported in 4 *Penn.* 497, 56 *Atl.* 1120.

In the first case the question raised was whether *sections* 48 and 29 *of the General Corporation Law*, which provided respectively for the service of legal process, and the keeping of a duplicate stock ledger in the state were applicable to a corporation created by a special act of the Legislature prior to the enactment of the General Incorporation Law. In the second case the question was whether the duty imposed upon the officers of the company by *section* 23 *of the General Incorporation Law* applied to a corporation created by special act. In *sections* 48 and 29 the duty or requirement in question was imposed upon corporations "organized under this act" or "created under this act," and the court held that under *section* 3, above quoted, *sections* 48 and 29 were applicable to corporations created by special act before the passage of the General Incorporation Law.

In the first case the court said:

"It seems to us to be manifest from a mere reading of *section* 3, that it was intended to apply to previously existing Corporations, as well as to corporations created under the General Corporation Law; and that no argument is needed, or reason required, for such a construction, beyond that found in the plain and natural meaning of the very words of the section.   By *section* 3 the Legislature intended that every corporation, whether formed under the General Corporation Law, or previously formed under any law of the state, should be subject to the restrictions and liabilities of *section* 48, as well as other sections of said Corporation Law, so far as the same are appropriate to, and not inconsistent with, the act of incorporation, under which the previously existing corporation was formed."

In the second case it was said:

"We are unable to perceive any substantial difference in principle between the requirement of *section* 23 and that of *section* 29 in respect to its applicability to pre-existing corporations.   If *section* 3 makes *section* 29 applicable to pre-existing corporations, it would make *section* 23 equally so."

And so in the present case, the court are unable to see any difference in principle between the requirements of *section* 152 and those of *sections* 48 and 29 in respect to its applicability to pre-existing corporations.   It is clearly not inconsistent with the act of incorporation under which the defendant corporation was formed.

The only difference that can be found between the Bay State Case above referred to and the case now before the court is that this is a criminal case.

The defendant very properly says that:

"A penal statute must be strictly construed, and nothing can be taken by intendment against one charged under the act; it will not be extended by implication or construction, but construed strictly according to its language; the intent to make a defendant liable will not be deemed established in case of mere doubt, or an ambiguous state of facts."

But if the liability depends upon the applicability of *section* 152 to the defendant corporation, we think there can be no doubt or uncertainty after the Supreme Court has decided in two cases similar in principle to the present one that said section does apply. It requires no construction by this court.

The motion to quash is refused.