IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER R. DESMOND, §
§
Petitioner Below, § No. 567, 2014
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware,
§ in and for New Castle County
JOSEPH R. BIDEN, III, § C.A. No. N14M-09-008-RRC
§
Respondent Below, §
Appellee. §

Submitted: January 9, 2015
Decided: February 11, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 11th day of February 2015, upon consideration of the briefs on appeal and the record on appeal, including the materials filed with the appellant's motion for expansion of the record, it appears to the Court that:

(1)    The appellant, Christopher R. Desmond, filed an appeal from the Superior Court's summary dismissal of his complaint for a writ of mandamus. We conclude there is no merit to the appeal and affirm the judgment of the Superior Court.

(2)    In November 1992, a Superior Court jury convicted Desmond of ten counts of Robbery in the First Degree as well as other related offenses. This Court

affirmed the Superior Court's judgment on direct appeal.[1]   Since that time, Desmond has filed a number of unsuccessful motions and petitions challenging his 1992 convictions in this Court, the Superior Court, and the United States District Court for the District of Delaware.[2]

(3)   On February 26, 2013, the Superior Court denied Desmond's ninth motion for postconviction relief.   Desmond had claimed he was entitled to postconviction relief because he did not receive a 1992 plea offer, which included a sentence recommendation of not more than twenty years, before it expired and he was therefore entitled to a twenty year sentence.   The Superior Court concluded that Desmond's claim was untimely and repetitive under Superior Court Criminal Rules 61(i)(1) and 61(i)(3) and Desmond failed to plead a colorable claim of a miscarriage of justice under Superior Court Criminal Rule 61(i)(5).[3]   This Court affirmed the judgment of the Superior Court.[4]

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

[2] *See, e.g.*, *Desmond v. State*, 2014 WL 3809683, at *1-2 (Del. Aug. 1, 2014) (affirming Superior Court's denial of Desmond's tenth motion for postconviction relief and motion for correction of illegal sentence); *In re Desmond*, 2001 WL 1044609, at *2 (Del. Aug. 29, 2001) (dismissing petition for writ of certiorari); *State v. Desmond*, 2011 WL 91984, at *2-4 (Del. Super. Ct. Jan. 5, 2011) (describing Desmond's history of postconviction applications up to and including his seventh motion under Superior Court Criminal Rule 61), *aff'd*, 2011 WL 4553174 (Del. Oct. 3, 2011); *Desmond v. Snyder*, 1999 WL 33220036, at *21 (D. Del. Nov. 16, 1999) (dismissing Desmond's petition for writ of habeas corpus).

[3] *State v. Desmond*, 2013 WL 1090965 (Del. Super. Ct. Feb. 26, 2013).

[4] *Desmond v. State*, 2013 WL 4475177 (Del. Aug. 20, 2013).

(4) On September 4, 2014, Desmond filed a complaint for a writ of mandamus in the Superior Court. Desmond sought to compel the Attorney General to enforce the expired 1992 plea offer and to give him the benefit of a twenty year sentence that he claimed had expired in October 2011. The Superior Court dismissed the complaint as factually frivolous, legally frivolous, and on the ground that it plainly appeared from the face of the complaint that Desmond was not entitled to relief.

(5) On October 2, 2014, Desmond filed a notice of appeal from the Superior Court's dismissal of his complaint for a writ of mandamus. That same day Desmond filed a petition in this Court for a writ of mandamus compelling enforcement of the expired 1992 plea offer. Given the substantial similarities between Desmond's Superior Court complaint for a writ of mandamus and his petition for a writ of mandamus in this Court and Desmond's appeal of the Superior Court's dismissal of his complaint, we concluded that the petition for a writ of mandamus in this Court was legally frivolous.[5]

(6) The Superior Court may issue a writ of mandamus to an inferior court, public official, or agency to compel the performance of a duty.[6] As a condition precedent to the issuance of the writ, a writ of mandamus will only issue if the

[5] *In re Desmond*, 2014 WL 5342267 (Del. Oct. 20, 2014).

[6] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

3

petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) there was an arbitrary failure or refusal to perform the duty.[7] Having reviewed the record in this case in light of the above legal principles, we conclude that the Superior Court did not err when it dismissed Desmond's complaint for a writ of mandamus.

(7) The complaint failed to state a claim that Desmond lacked an adequate remedy. Desmond sought the benefits of the expired 1992 plea offer in his ninth motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). He could not attempt to relitigate this claim by restating it in the form a request for a writ of mandamus.[8]

(8) Desmond contends that he does not have an adequate remedy under Rule 61 because he is not challenging his 1992 convictions as those convictions expired at the end of a twenty year sentence in October 2011. This argument is without merit. Desmond was sentenced to more than seventy years of Level V incarceration and that sentence did not expire in October 2011. Enforcement of the expired 1992 plea offer (which is what Desmond seeks in order to receive the

---

[7] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[8] *In re Thomas*, 2010 WL 4192992, at *1 (Del. Sept. 20, 2010) (concluding that unsuccessful motion for copy of transcript did not mean petitioner was entitled to writ of mandamus compelling Superior Court to provide transcript); *Evans v. State*, 2002 WL 257506, at *1 (Del. Feb. 19, 2002) (holding petitioner could not seek mandamus relief based upon claim previously raised in first motion for postconviction relief that was denied in Superior Court decision affirmed by Supreme Court).

benefit of a twenty year sentence) would mean that Desmond was convicted of seven counts of Robbery in the First Degree and one count of Theft (the charges in the expired plea offer), instead of ten counts of Robbery in the First Degree, two counts of Conspiracy in the Second Degree, ten counts of Possession of a Deadly Weapon During the Commission of a Felony, ten counts of Possession of a Deadly Weapon by a Person Prohibited, three counts of Theft, and one count of Escape in the Third Degree (the jury verdict). Desmond is therefore challenging his 1992 convictions and had an adequate remedy under Rule 61. We further conclude that Desmond's appeal is legally frivolous in light of this Court's affirmance of the Superior Court's order denying his ninth motion for postconviction relief.

(9) In its answering brief, the State requests revocation of Desmond's *in forma pauperis* status because he provided untruthful responses in his motion to proceed *in forma pauperis* in this case.[9] Desmond did not respond to this request in his reply brief. Desmond stated "[t]rue" in response to the certification "[t]he claims I seek to raise in the current matter have never been raised or disposed of before in any court." This certification was made under the penalty of perjury. We also note that in response to the question requesting identification of each time a movant has moved to proceed *in forma pauperis* in the Supreme Court, Desmond

---

[9] Desmond initially requested that the motion to proceed *in forma pauperis* he filed in No. 566, 2014 (his petition for this Court to issue a writ of mandamus) be filed in this appeal as well. Desmond subsequently filed a motion to proceed *in forma pauperis* in this appeal on October 15, 2014.

identified only one case, despite the fact that in the past five years alone he has moved to proceed *in forma pauperis* in six different cases.[10]

(10)   As the State points out, Desmond's certification that the claim regarding the expired 1992 plea offer had not been raised or decided before was untrue. Desmond argued that he was entitled to enforcement of the expired 1992 plea offer and twenty year sentence recommendation in his ninth motion for postconviction relief and in his appeal of the Superior Court's denial of his ninth motion for postconviction relief. This claim was disposed of by the Superior Court and this Court. We therefore revoke Desmond's motion to proceed *in forma pauperis* in this appeal and order him to pay the filing fee of $460.

(11)   It is unlikely that the Court will ever be able to collect the required filing fee from Desmond. In the future, the Clerk of the Court is directed to refuse any filing from Desmond unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis*, with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e), and the motion to proceed *in forma pauperis* is granted by this Court.[11] We also warn Desmond again that he

---

[10] *Desmond v. State*, No. 45, 2014, Docket Entry No. 2; *Desmond v. State*, No. 100, 2013, Docket Entry No. 10; *Desmond v. State*, No. 151, 2012, Docket Entry No. 7; *Desmond v. Phelps*, No. 642, 2011, Docket Entry No. 3; *Desmond v. State*, No. 27, 2011, Docket Entry No. 7; *Desmond v. State*, No. 413, 2010, Docket Entry No. 6.

[11] In the October 20, 2014 order denying Desmond's petition for a writ of mandamus, we held that if Desmond filed a notice of appeal from a civil judgment or a petition for issuance of a writ in this Court in the future, the Clerk of the Court was directed to refuse the filing unless the filing

6

risks the forfeiture of good time under 10 *Del. C.* § 8805(a) if he files more complaints found to be factually frivolous, malicious, or legally frivolous under 10 *Del. C.* §§ 8803(b) or (c).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED and Desmond's motion to proceed *in forma pauperis* in this appeal is revoked.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

was accompanied by the required filing fee or a completed motion to proceed *in forma pauperis*, with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e), and the motion to proceed *in forma pauperis* was granted by this Court. *In re Desmond*, 2014 WL 5342267.