IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH M. WALLS, | § | |
| | § | No. 585, 2014 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| ROBERT COUPE, | § | C.A. No. N14M-06-082 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 31, 2014
Decided: March 10, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

# O R D E R

This 10th day of March 2015, having considered the opening brief filed by the appellant, Joseph Walls, the motion to affirm filed by the appellee, State of Delaware, and the Superior Court record, it appears to the Court that:

(1) The petitioner/appellant, Joseph M. Walls, is serving prison sentences totaling life plus eighty-nine years and sixty days in the custody of the Delaware Department of Correction ("DOC"). On June 25, 2014, Walls filed a petition for a writ of mandamus against DOC. Walls also filed a motion to proceed *in forma pauperis*.

(2) The basic premise of Walls' mandamus petition was that he is entitled to 9,050 days of good time credit, which, if applied, would lead to his release from

incarceration. Also, Walls sought to compel DOC to change its records to change the effective date of his sentence so that he can get credit for time served.

(3) As a prolific, persistent, and consistently unsuccessful *pro se* litigant, Walls is subject to the "three strikes" provision of 10 *Del. C.* § 8804(f), which prevents a prisoner from filing a complaint *in forma pauperis* if the prisoner has three or more times brought an action that was dismissed as frivolous, malicious, or for failure to state a claim for relief.[1] By order dated January 23, 2014 in *Walls v. Phelps*, we affirmed the Superior Court's application of the three strikes rule to a mandamus petition Walls had brought as part of a civil rights complaint against DOC.[2]

(4) On July 31, 2014, the State filed a "motion to revoke IFP and dismiss petition for a writ of mandamus." The State argued that Walls was precluded under 10 *Del. C.* § 8804(f) and *Walls v. Phelps* from proceeding *in forma pauperis*, and that even if he were to pay the filing fee, Walls' mandamus petition was frivolous and failed to state a claim upon which relief could be granted.

(5) By order dated July 31, 2014, the Superior Court denied the IFP motion and notified Walls that the $185 filing fee must be filed within fifteen days or the mandamus petition would be dismissed. The following day, August 1, 2014,

---

[1] 10 *Del. C.* § 8803(f).

[2] *Walls v. Phelps*, 2014 WL 279372 (Del. Jan. 23, 2014).

2

the court issued an "order upon initial review of complaint" that summarily dismissed the mandamus petition. The order provided:

> It plainly appears from the face of the complaint that the plaintiff is not entitled to relief . . . for the following reasons: Defendant, who was sentenced to life imprisonment (with the possibility of parole), also has sentences for additional charges totaling 89 years and 60 days. Defendant's parole eligibility date is May 16, 2020. The Department of Correction has correctly taken one third of that time, less statutory good time credits, less meritorious good time. Moreover, Defendant's bald allegations concerning the calculation of his Level 5 time in Virginia and Arizona are legally frivolous. 10 Del. C. 8801(7).

(6) Thereafter, the Superior Court granted Walls an extension of time until August 24, 2014 to file a motion for reargument from the dismissal order. But when Walls attempted to file the motion, it was returned marked "document rejected" with a "notice of non-conforming documents" dated August 26, 2014, indicating that the "reason for rejection" was that the filing fee was unpaid. In a separate letter dated August 26, 2014, the Prothonotary advised Walls that the filing fee must be paid by September 15, 2014. When Walls did not submit the filing fee by September 15, 2014, the Superior Court issued an order on September 16, 2014, dismissing Walls' motion for reargument.[3] This appeal followed.

---

[3] It is not clear why the court dismissed a motion that was returned marked "document rejected" three weeks earlier.

3

(7)     On appeal, Walls contends that the Superior Court abused its discretion when denying his IFP motion. According to Walls, he should have been allowed to proceed *in forma pauperis* because his mandamus petition was in the nature of a habeas corpus petition, which is exempt from dismissal under 10 *Del. C.* § 8804(f).[4] Walls made a similar argument in *Walls v. Phelps*, which we rejected as without merit.[5]

(8)     Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not abuse its discretion when denying Walls' IFP motion. In the absence of any indication that Walls was "under imminent danger of serious physical injury at the time that the [mandamus petition was] filed,"[6] Walls was statutorily barred from proceeding *in forma pauperis* in the Superior Court.[7]

(9)     Walls also contends on appeal that the summary dismissal of his mandamus petition was an abuse of discretion when the petition was "properly supported . . . with affidavits, documents, statutes and legal decisions." Walls' claim is without merit.

---

[4] *See* 10 *Del. C.* § 8804(f) ("No petition for a writ of habeas corpus or any appeal from the denial of any such petition shall be dismissed under this subsection.").

[5] *Walls v. Phelps*, 2014 WL 279472, at ¶ 7 (Del. Jan. 23, 2014).

[6] 10 *Del. C.* § 8804(f).

[7] *Biggins v. Dr. Robinson*, 2011 WL 400405 (Del. Feb. 8, 2011).

(10) The Superior Court may issue a writ of mandamus to the DOC to compel the performance of a duty if the petitioner can show (i) a clear right to the performance of a duty; (ii) an arbitrary refusal to perform the duty, and (iii) that no other adequate remedy is available.[8] In this case, for the reasons stated by the Superior Court in its August 1, 2014 order, Walls did not show that he had a clear right to 9,050 days of good time credit. To the extent Walls complains on appeal that the Superior Court did not address his claim that he is entitled to credit for time served, Walls has not demonstrated that he is entitled to such credit or that he has sought that credit in a motion for credit for time served.[9]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice

---

[8] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996); *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[9] *Compare* 11 *Del. C.* § 4381 (governing earned good time) *with* 11 *Del. C.* § 3901(c) (governing credit for actual incarceration).