IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellant, | § | No. 272, 2015 |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| TERRY MURPHY, DR. DUNBAR | § | C.A. No. K15M-04-030 |
| ALCINDOR, DR. ASSAR RATHER, | § | |
| DR. WILLIAM LYNCH, and | § | |
| CONNECTIONS HEALTHCARE | § | |
| SERVICES, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | § | |

Submitted: January 14, 2016
Decided: March 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## ORDER

This 10th day of March 2016, upon consideration of the briefs of the parties, the notice to show cause, the appellant's response to the notice to show cause, and the record below, it appears to the Court that:

(1) In November 1976, a Superior Court jury convicted the appellant, Robert Saunders, of Murder in the First Degree and related offenses. Saunders' convictions were affirmed on direct appeal.[1] On May 5, 2015, Saunders filed a petition for a writ of mandamus asking the Superior Court to order Terry Murphy,

---

[1] *Saunders v. State*, 401 A.2d 629 (Del. 1979).

Dr. Dunbar Alcindor, and Dr. Assar Rather of Bayhealth Medical Center (collectively, the "Bayhealth Parties") and Dr. William Lynch of Connections Healthcare Services[2] ("Connections") and Connections to produce his medical records for a proceeding before the Board of Pardons. In an order dated May 18, 2015, the Superior Court dismissed the petition as factually and legally frivolous because Saunders sought a writ of mandamus against private individuals. This appeal followed.

(2) In his opening brief, Saunders contends that he is entitled to his medical records under the Health Insurance Portability and Accountability Act, regardless of who possesses those medical records. Counsel for Dr. Lynch and Connections filed a letter stating that they took no position on Saunders' appeal of the Superior Court's dismissal of the petition for a writ of mandamus. Counsel further represented that Connections does not control Saunders' medical records and that his request for medical records documenting his care during his incarceration should be directed to the Department of Correction ("DOC").

(3) In their answering brief, the Bayhealth Parties argued that they were not state officials subject to a writ of mandamus. The Bayhealth Parties also filed a motion to supplement the appeal with information reflecting that they had provided Saunders with his medical records and that the appeal was therefore

---

[2] Counsel for Connections has indicated that the name of this entity is Connections Community Support Programs, Inc.

moot. A notice to show cause was issued to Saunders directing him to respond to the motion to supplement and explain why the appeal should not be dismissed as moot in light of the information provided by the Bayhealth Parties. In his response, Saunders asked that the appeal as to the Bayhealth Parties be dismissed as moot, but that the appeal as to Dr. Lynch, and presumably Connections, not be dismissed.

(4)    The Superior Court may issue a writ of mandamus to an inferior court, public official, or administrative agency to compel the performance of a duty.[3] As a condition precedent to the issuance of the writ, a writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) there was an arbitrary failure or refusal to perform the duty.[4] Saunders does not contend that Dr. Lynch is a public official or that Connections is an administrative agency.

(5)    Dr. Lynch and Connections say that they do not have control of Saunders' medical records and that the records are in the possession and control of the DOC itself. For present purposes, that factual matter is not relevant. Because Dr. Lynch and Connections are not public officials or administrative agencies, a writ of mandamus may not issue against them. It may be that Saunders could, in an appropriate law suit, compel Connections to produce his medical records if

---

[3] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

Connections possesses them. But he cannot proceed by way of mandamus to that end. As the Superior Court suggested, Saunders may have a more direct way of proceeding by asking the DOC itself for the requested records. To the extent the DOC contracts with outside providers to give medical care to inmates, it likely has arrangements to ensure that inmates have proper access to their treatment records. But, a writ of mandamus against Dr. Lynch, a non-public official, and Connections, a non-governmental agency, cannot be the method by which Saunders seeks whatever records of his, if any, are in Connections' possession. We conclude therefore that the Superior Court did not err when it dismissed Saunders' petition for a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED that the appeal as to the Bayhealth Parties is dismissed as MOOT and the Superior Court's judgment is AFFIRMED as to Dr. Lynch and Connections.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice