IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONIR A. GEORGE, | § | |
| | § | |
| Plaintiff Below-Appellant, | § | No. 118, 2017 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| CONNECTIONS COMMUNITY | § | |
| SUPPORT PROGRAMS, INC. and | § | C.A. No. N15M-11-248 (N) |
| DELAWARE DEPARTMENT OF | § | |
| CORRECTION,[1] | § | |
| | § | |
| Defendants Below-Appellees. | § | |
| | § | |

Submitted: May 3, 2017
Decided: July 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of July 2017, upon consideration of the appellant's opening brief, the motions to affirm, and the record on appeal, it appears to the Court that:

(1) The plaintiff-appellant, Monir A. George, filed this appeal from the Superior Court's dismissal of his complaint seeking a writ of mandamus and compensatory and punitive damages. Connections Community Support

---

[1] The Superior Court complaint also named Correct Care Solutions LLC as a defendant. That party was never served with the complaint, was dismissed below, and is not a party to this appeal.

Programs, Inc. ("CCSP") and the State of Delaware Department of Correction ("DOC"), have filed motions to affirm the judgment below on the ground that it is manifest on the face of George's opening brief that his appeal is without merit. We agree and affirm.

(2) George was convicted in 2009 of multiple felonies, including first degree murder, and was sentenced to life imprisonment plus an additional term of years.[2] He currently is in DOC custody at the Vaughn Correctional Center. CCSP is a non-profit organization contracted by the DOC to provide medical and mental health care to inmates. In November 2015, George filed a complaint in the Superior Court, alleging that CCSP and the DOC have been deliberately indifferent to his serious medical needs. The complaint alleged that George suffers from high blood pressure, gout, chronic low back pain, arthritis, a deformed wrist and chronic wrist pain due to an improperly treated fracture, diverticulosis, and internal hemorrhoids and that the defendants' medical treatment of his ailments has been inadequate. The complaint further alleged that nearly all of George's medical grievances complaining about his inadequate medical care have been denied.

(3) George's complaint sought a writ of mandamus compelling the defendants: (i) to offer him specific medical care; (ii) to change the

---

[2] *See George v. State*, 2010 WL 4009202 (Del. Oct. 13, 2010).

membership of the DOC's Quality Assurance Committee; and (iii) to comply with an agreement that George alleges the State of Delaware reached with the United States Department of Justice in 2006 regarding prison healthcare. George's complaint also sought an award of $250,000 in compensatory damages for pain and suffering caused by the negligent medical treatment George received for his fractured wrist and an award of $500,000 in punitive damages.

(4) The Superior Court granted both CCSP's and the DOC's motions to dismiss, holding, among other reasons,[3] that a writ of mandamus would not issue because, as to the DOC, George could not establish a clear legal right to the performance of a non-discretionary duty and, as to CCSP, a writ of mandamus would not issue to a private entity. To the extent George sought damages for alleged medical malpractice, the Superior Court dismissed his complaint because he failed to file an affidavit of merit from an expert. The Superior Court also denied George's motion to amend his complaint to add individuals employed by the State or CCSP. George appeals.

(5) After considering the parties' respective positions on appeal, we conclude that the judgment below dismissing George's complaint seeking a

---

[3] Although the Superior Court offered additional alternative bases for granting the motions to dismiss, we find it unnecessary to address those alternative grounds here.

3

writ of mandamus and damages for medical malpractice should be affirmed on the basis of and for the reasons assigned by the Superior Court in its well-reasoned Order dated February 17, 2017. Although the government has an obligation to provide medical care to inmates,[4] the mere disagreement over the proper course of treatment, or even allegations of medical malpractice are not, alone, sufficient to state a constitutional violation.[5] George's complaint did not assert that the defendants were denying him medical treatment. George's complaint asserted that the defendants were denying him the medical treatment that he wanted. George filed grievances challenging these medical decisions. Most, but not all, of those decisions were upheld.

(6) As this Court has recently noted, "prison authorities have 'wide discretion' in the medical treatment afforded to prisoners."[6] Mandamus will not issue to compel the performance of a discretionary act.[7] Moreover, the Superior Court may only issue a writ of mandamus to compel the performance of a duty by an administrative agency or public official.[8] A writ cannot issue to a non-governmental agency such as CCSP.[9] Under the circumstances, we

---

[4] *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).
[5] *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2010).
[6] *Brooks v. Lynch*, 2016 WL 5957674, *2 (Del. Oct. 13, 2016) (citing *Deputy v. Conlan*, 2007 WL 3071424, *2 (Del. Oct. 22, 2007)).
[7] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[8] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996); 10 *Del. C*. § 564.
[9] *Saunders v. Murphy*, 2016 WL 936941, *2 (Del. Mar. 10, 2016).

4

find no error or abuse in the Superior Court's dismissal of George's request for mandamus relief. Moreover, to the extent George's complaint requested compensatory and punitive damages for medical malpractice, we find no error in the Superior Court's dismissal of his complaint for failure to attach an affidavit of merit as required by 18 *Del. C.* § 6853(a).[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[10] *See Walls v. Cooper*, 1991 WL 247806, *4 (Del. Nov. 8, 1991).