# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE B. SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. N18M-05-317 ALR |
| | ) | |
| DANA METZGER, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted: September 7, 2018
Decided:  September 14, 2018

***Upon Respondent's Motion for Summary Judgment***
**GRANTED**


## ORDER

Upon consideration of Respondent's motion for summary judgment of the petition for a writ of mandamus; the Superior Court Rules of Civil Procedure; the facts, arguments, and legal authorities set forth by the parties; and the entire record in this case, the Court hereby finds as follows:

1.      Petitioner George Shaw ("Petitioner") pled guilty to Aggravated Acts of Intimidation and Stalking.  By order dated March 15, 2013, effective November 21, 2012, Petitioner was sentenced as follows: for Aggravated Acts of Intimidation, 8 years at Level 5, suspended after 6 years for 2 years at Level 4 Halfway House, suspended after 6 months for 18 months at Level 3; and for Stalking, 3 years at Level

5, suspended after 2 years for 1 year at Level 3. Petitioner's maximum expiration date is November 21, 2020.

2. Petitioner has received several sanctions while incarcerated that have resulted in the forfeiture of 180 days of good time credits.

3. Petitioner filed a petition for a writ of mandamus on May 31, 2018, alleging that the Department of Correction ("DOC") unlawfully deducted 156 statutory good time credits, and seeking an order that DOC restore his statutory good time credits.

4. Respondent filed a motion to dismiss Petitioner's petition for a writ of mandamus on the grounds that Petitioner's good time credits were properly forfeited after Petitioner failed to comply with DOC rules and regulations.

5. On August 6, 2018, the Court informed the parties that, because Respondent attached various materials to the motion to dismiss, Respondent's motion would be converted to a motion for summary judgment.

6. Respondent supplemented the record on August 20, 2018, with a letter memorandum providing the Court with requested sentencing information and an affidavit verifying all information and supporting documentation submitted in support of the motion.

7. Petitioner contends in his August 29, 2018, response that the forfeiture of his good-time credits resulted from a procedural due process violation. Specifically, Petitioner alleges that DOC failed to comply with its policy requiring the hearing officer to conduct a mental health evaluation before any sanction is imposed.

8. In response to Petitioner's contention, Respondent further supplemented the record with Disciplinary Mental Health Assessment Forms completed before each of Petitioner's disciplinary hearings by qualified mental health professionals. In addition, Respondent submitted the corresponding disciplinary reports, decisions, and appeal forms for each of the seven infractions.

9. The Superior Court has jurisdiction to issue writs of mandamus under 10 *Del. C.* § 564. The Court may issue a writ of mandamus to "a State officer, tribunal, board, or agency to compel the performance of an official duty."[1] A writ of mandamus is an "extraordinary remedy."[2] Therefore, the Court will only issue a writ of mandamus where "the complainant has a clear right to the performance of the duty[,] … no other adequate remedy is available[,] and … the officer, tribunal, board, or agency arbitrarily has failed or refused to perform its duty."[3]

---

[1] *Land v. Carroll*, 810 A.2d 350, 2002 WL 31546530, at *1 (Del. 2002); *see also Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[2] *Johnson v. Phelps*, 2009 WL 597625, at *2 (Del. Super. 2009).
[3] *Land*, 2002 WL 31546530, at *1 (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).

3

10. Under 11 *Del. C.* § 4381, an incarcerated person may earn good time credits "for good behavior while in the custody of [DOC] when the person has not been guilty of any violation of discipline, rules of the Department or any criminal activity and has labored with diligence toward rehabilitation..."[4] However, "Any person subject to the custody of [DOC] … who is determined to have violated the rules of [DOC] shall under the rules and procedures of the Department forfeit all or part of the good time accrued to the date of such offense."[5] Once good time credits are forfeited, they may not be recovered.[6]

11. Petitioner has been sanctioned for violating DOC rules on seven occasions during his incarceration. Each of these sanctions was properly issued after a mental health assessment and disciplinary hearing. As a result of these violations, Petitioner forfeited 180 good time credits. The forfeiture is appropriate and consistent with Delaware law.[7] Petitioner cannot establish that he has a clear right to a writ of mandamus ordering DOC to restore 156 good time credits. Accordingly, Respondent is entitled to judgment as a matter of law.

---

[4] 11 *Del. C.* § 4381(c).
[5] 11 *Del. C.* § 4382(b).
[6] 11 *Del. C.* § 4382(d).
[7] 11 *Del. C.* § 4382(b).

**NOW, THEREFORE,** this 14th day of September, 2018, Respondent's Motion for Summary Judgment is hereby **GRANTED** and the Petition for Writ of Mandamus is hereby **DISMISSED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**