# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GEORGE B. SHAW,             )
                               )
        Petitioner,          )
                               )
      v.                   )       C.A. No. N18M-10-252 ALR
                               )
DANA METZGER,           )
                               )
        Respondent.    )

Submitted: October 30, 2018
Decided: January 15, 2019

***Upon Application to Proceed In Forma Pauperis***
**GRANTED**

***Upon Petition for Writ of Mandamus***
**DISMISSED**

## <u>ORDER</u>

Upon consideration of the Petition for Writ of Mandamus and Application to Proceed *In Forma Pauperis*; the Superior Court Rules of Civil Procedure; the facts arguments, and legal authorities set forth by Petitioner George B. Shaw ("Petitioner"); and the entire record in this case, the Court hereby finds as follows:

1. Petitioner pled guilty to Aggravated Acts of Intimidation and Stalking. By Order dated March 15, 2013, effective November 21, 2012, Petitioner was sentenced as follows: for Aggravated Acts of Intimidation, 8 years at Level 5, suspended after 6 years for 2 years at Level 4 Halfway House, suspended after 6 months for 18 months at Level 3; and for Stalking, 3 years at Level 5, suspended

after 2 years for 1 year at Level 3. Petitioner's maximum expiration date is November 21, 2020.

2. Petitioner has filed the information required to support the Application to Proceed *In Forma Pauperis*.[1] Petitioner has established that he is indigent. Accordingly, the Application to Proceed *In Forma Pauperis* is granted.

3. As required by statute, the Court now reviews the Petition for Writ of Mandamus to determine if it is factually or legally frivolous or if it is malicious.[2]

4. Petitioner filed the Petition for Writ of Mandamus that is presently before this Court on October 29, 2018, alleging that Petitioner is entitled to a sentence modification pursuant to 11 *Del. C.* § 4217(b), and seeking an order directing the Department of Corrections ("DOC") to file an application for Petitioner's release.

5. The Superior Court has jurisdiction to issue writs of mandamus under 10 *Del. C.* § 564. The Court may issue a writ of mandamus to "a State officer, tribunal, board, or agency to compel the performance of an official duty."[3] A writ

---

[1] *See* 10 *Del. C.* § 8802.

[2] 10 *Del. C.* § 8803(b). *See Phillips v. Dep't of Corr.*, 2004 WL 691769, at *1 (Del. Super. Mar. 2, 2004) (granting the petitioner's motion to proceed *in forma pauperis* does not imply that the action proceeds, but rather the Court must review the petition to determine whether it is frivolous or malicious).

[3] *Land v. Carroll*, 2002 WL 31546530, at *1 (Del. Nov. 14, 2002). S*ee also Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

of mandamus is an "extraordinary remedy."[4] The Court will only issue a writ where the petitioner has demonstrated that (1) there is a clear right to the performance of the duty; (2) no other adequate remedy is available; and (3) the agency arbitrarily failed or refused to perform its duty.[5] Therefore, a writ of mandamus will not be issued to create a duty or to compel a discretionary act.[6]

6. The Court retains jurisdiction to modify any sentence of incarceration at Level V in excess of one year.[7] Such sentences may not be reduced by the Court except on application of DOC.[8] The DOC may file an application for modification of an inmate's sentence "for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[9] It is within DOC discretion to apply for modification of an inmate's sentence under 10 *Del. C.* § 4217.[10]

7. The Petition for Writ of Mandamus is factually and legally frivolous. Petitioner is legally detained and has not established a clear right for DOC to submit an application for modification of Petitioner's sentence. Because the Petition does

---

[4] *Johnson v. Phelps*, 2009 WL 597625, at *2 (Del. Super. Feb. 20, 2009).

[5] *Land*, 2002 WL 31546530, at *1 (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).

[6] *King v. State*, 2015 WL 317128, at *1 (Del. Jan. 23, 2015); *Capital Educators Ass'n v. Camper*, 320 A.2d 782, 786 (Del. Ch. 1974).

[7] 11 *Del. C.* § 4217(a).

[8] *State v. Sturgis*, 947 A.2d 1087, 1093 (Del. 2008).

[9] 11 *Del. C.* § 4217(b).

[10] *King*, 2015 WL 317128, at * 2.

not seek the performance of a clear legal duty, but instead involves a matter of discretion, Petitioner is not entitled to the relief sought and the Petition for Writ of Mandamus must be dismissed.[11]

**NOW, THEREFORE, this 15th day of January, 2019, Petitioner's Motion to Proceed *In Forma Pauperis* is GRANTED. The Petition for Writ of Mandamus is hereby DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[11] *See King*, 2015 WL 317128, at *2 (affirming the Superior Court's dismissal of the petition for writ of mandamus because the petitioner failed to demonstrate that the DOC had a duty to declare the petitioner eligible for sentence modification under 11 *Del. C.* § 4217 or to submit an application for modification of the petitioner's sentence); *Phillips*, 2004 WL 691769, at * 2 (dismissing the petition for writ of mandamus because the matter was within the discretion of the DOC and the petitioner had no clear legal or ministerial right to be placed in the Key Program).