**MILFORD 2ND STREET PLAYERS, and Route 13, Inc., Plaintiffs,**

v.

**DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted July 21, 1988.
Decided July 21, 1988.

Darrell J. Baker of Heiman and Aber, Wilmington, for plaintiffs.

John K. Welch, Dept. of Justice, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

Before the Court is a petition by plaintiffs Milford 2nd Street Players ("Players") and Route 13, Inc. ("13") for a writ of mandamus to compel the Delaware Alcoholic Beverage Control Commission ("Commission") to grant petitioner's gathering permits.[1]

The facts are as follows. 13 is a leaseholder of commercial property in Rehoboth Beach, Delaware. An application was filed in April 1988 for a restaurant liquor license on behalf of "13" for the premises. A protest against the application was filed before the Commission and a hearing was scheduled for August 19, 1988. *See*, 4 *Del.C.* Chapter 5, Subchapter II. Plaintiff "13" sought to have this Court set an expedited hearing date set through a petition for a writ of mandamus. That petition was denied. *Route 13, Inc. v. Delaware Alcoholic Beverage Control Commission,* Del. Super., C.A. No. 88M–JN–19, Balick, J. (June 27, 1988).

Subsequently, Players applied for and was granted a gathering license, or permit, for use of the subject premises. *See*, 4 *Del.C.* § 514. That permit which was for four days expired on July 20, 1988. On July 20, 1988 the Commission wrote a letter to Players' counsel denying applications for gathering licenses for use at Route 13's premises during the following time periods: July 21–25, 1988; July 25–29, 1988; July 29–August 1, 1988.

## I.

■ The first issue is whether the case is properly before the Court upon a petition for a writ of mandamus. This writ lies to compel the performance of a duty by a public official or agency. It will not issue unless the party seeking mandamus establishes a clear legal right to the relief requested. *Hastings v. Henry,* Del.Super., 40 A. 1125 (1894); *State ex. rel. Cooke v. New York–Mexican Oil Co.,* Del.Super., 122 A. 55 (1923); *see* 10 *Del.C.* § 564. Here, Players cannot show that they are *entitled* to the relief sought. The granting of a gathering license is discretionary. Four *Del.C.* § 514(b) states that there are two types of gathering licenses that *may* be granted under certain circumstances. The Commission is charged with adopting and promulgating rules and regulations for the control of the specialized alcoholic beverage industry. 10 *Del.C.* § 304. Thus, the Commission's role is largely discretionary, rather than ministerial in nature. A decision to grant or deny any type of license requires the exercise of discretion and consideration of public policy.

Secondly, the writ does not lie if there is an adequate remedy at law. *State ex rel. Cooke, supra* at 56. *Bay State Gas Co. v. State ex rel. Content,* Del.Supr., 56 A. 1120, 1124 (1904). It may not be used as a substitute for appeal. *Williams v. Marvel,* Del.Supr., 158 A.2d 486 (1960). Four *Del.C.* § 541(c) relating to licensing decisions of the Commission, provides that the Commission's decision shall be final unless an appeal is filed within ten (10) days after notice with the Superior Court of the County in which the license would operate. Thus, an adequate remedy at law for review of the Commission's decision is available.

## II.

■ The second purported basis for relief is that the Commission's actions in denying the license applications and in failing to notify the petitioners of the hearing being held on their application were arbitrary and capricious.

It must be noted initially that there is no requirement that the Commission hold a "hearing" to issue or deny a gathering

---

1. Actually two of the three denied permits were sought on behalf of a different non-profit organization, not a party to this action.

permit. In fact, counsel for Players previously acknowledged that a "gathering permit" was considered in a summary fashion by the Commission staff, and the decision either made by or ratified by the Commission. The application for such a permit clearly warns that no such permit will be issued for more than four days without Commission's prior approval. Permits for less than four days are apparently approved by staff and then ratified or rejected by the Commission.

In reviewing the applications, the Commission considered the documents on their face, the pending application for a license, the fact of a protest, public policy and the Commission's rules. The Commission set forth its findings in a letter to plaintiffs' counsel. The Commission acted in accord with its procedural rules and practices. It did not act procedurally in an arbitrary or capricious manner.

The Commission stated its basis for denial was that the Commission Rule (35.1) governing gathering licenses was being abused in order to circumvent the statutory requirement for a hearing on the "13" application. In other words, the latter applications were a means of fully utilizing the premises while the hearing was pending.

There is clearly a reasonable basis for the Commission's conclusion. First, the current applications, if granted, would keep the premises fully and continuously operational until 18 days before the hearing, achieving through the gathering licenses the equivalent of a temporary license. Further, according to the applications filed, the "gathering" hours specified were from 9:00 a.m. until 1:00 a.m. of each day. Rule 35.1 defines a "gathering of persons".[2] The long hours and continuous weeks of operation that would result from a granting of the disputed licenses would defeat the spirit, if not the letter, of this definition,[3] as well as the law requiring a restaurant license.

In fact, there is no definition set out in the application as to how these "gatherings" are to be run, e.g. does the non-profit group sell tickets? Are ordinary restaurant customers turned away?

Based on the foregoing, the Commission had a reasonable basis for its denial of the licenses sought as a subterfuge misuse of the provisions of Rule 35.1 to avoid the requirements of the license statute. Plaintiffs' petition is therefore DENIED.

IT IS SO ORDERED.

2. Rule 35.1 states in pertinent part:
### GATHERING LICENSES
*Purpose and Scope.* This rule implements the definition of "gathering of persons" under the Liquor Control Act.

"Gathering of persons" or "gathering" means a banquet, picnic, bazaar, fair or similar private gathering or similar public gathering where food or drink are sold, served or dispensed by nonprofit organizations such as churches, colleges and universities, volunteer fire companies, political parties, or other similar nonprofit groups having a common civic, social, educational or religious purpose, or where entrance tickets are sold or entrance fees are required by those nonprofit organizations.

A. *Gathering License:*
1. The organization must be non-profit as defined under the Liquor Control Act.
2. The organization must submit proof of incorporation or file an alternative, for example, Articles of Association.
3. Form 990 must be filed with D.A.B.C.C.; if organization is new proof from the Department of Treasury that non-profit status has been requested must be filed with the application.
4. Religious organizations must file Form 1065.
5. Political organizations must be registered and acknowledged by the Department of Elections.
6. Application must be completed and submitted with proper fee.
7. Daily gathering applications must be complete and submitted 10 working days prior to the scheduled gathering.
8. A first time inspection for a gathering must be conducted.
9. Federal tax stamp must be obtained through IRS and accompanied with application.

3. An owner of a premises may apply for an annual gathering license to allow for multiple group gatherings during the year. This is not the application that was filed in this case and was not considered by the Commission.