**Michael CLOUGH, Petitioner Below–Appellant,**

v.

**STATE of Delaware and Stan Taylor, Commissioner, Respondents Below–Appellees.**

**No. 205, 1996.**

Supreme Court of Delaware.

Submitted: Nov. 12, 1996.
Decided: Nov. 26, 1996.

Michael A. Clough, pro se.

Joseph Scott Shannon, Department of Justice, Wilmington, for appellees.

Before HOLLAND, HARTNETT, and BERGER, JJ.

HOLLAND, Justice:

The appellant, Michael A. Clough ("Clough"), filed this appeal from an order of the Superior Court denying his petition for a *writ of mandamus*. The State of Delaware ("State") has moved to affirm the judgment of the Superior Court. The State asserts that it is manifest on the face of Clough's opening brief that the appeal is without merit. Supr.Ct.R. 25(a). This Court has concluded that the State's motion should be granted.

*Facts*

The record reflects that the Superior Court sentenced Clough in 1980 to a term of life imprisonment for Murder in the Second Degree. Clough was incarcerated at the Sussex Correctional Institution. For several years, Clough had been assigned to a work program outside the perimeters of the correctional facility.

On October 3, 1993, another inmate serving a life sentence escaped while on an unsupervised job assignment. As a consequence of that escape, the Department of Correction ("the Department") restricted certain classified inmates, including Clough, from further participation in outside programs. Clough's challenge to that determination was rejected by the Department.

Clough filed for a *writ of mandamus* contending that the Department's action violated his due process rights and requesting that the Department be directed to return Clough to his work assignment. Clough asserted that 11 *Del.C.* § 6537(b) creates a legally cognizable liberty interest or right for an inmate to have contacts outside a correctional facility. The Superior Court dismissed Clough's *mandamus* petition. Clough now appeals from that ruling.

■ A *writ of mandamus* is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right. *See Milford 2nd St. Players v. Delaware Alcoholic Beverage Control Comm'n,* Del.Super., 552 A.2d 855, 856 (1988). A *writ of mandamus* will not issue, however, unless the petitioner can establish that there is no other adequate remedy available. *In re Hyson,* Del.Supr., 649 A.2d 807, 808 (1994). The dismissal of Clough's petition was appropriate because Clough has no clear legal right to the requested relief.

˙ 11 *Del.C.* § 6537(b) provides in pertinent part:
  With the exception of the authority granted under § 4205(h) and (*l*) of this title, the Department shall have no authority to place any person convicted of a class A felony, during the first 10 years of said sentence, or of any class A or B

*No Liberty Interest*
*Prison Classification*

■ This Court has held that the purpose of 11 *Del.C.* § 6537(b) * is "to *limit* [the Department's] *discretion* in allowing contacts outside of a secured institution by a certain categories of persons." *DiStefano v. Watson,* Del.Supr., 566 A.2d 1, 4 (1989) (emphasis added). Thus, despite Clough's contentions to the contrary, 11 *Del.C.* § 6537(b) does not create a legally cognizable liberty interest or right for an inmate to have contacts outside of a correctional facility. Accordingly, an inmate does not have a constitutionally protected liberty interest in his or her prison classification status which permits outside contact pursuant to an authorized exercise of the Department's discretion. *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *cf. Hewitt v. Helms,* 459 U.S. 460, 466–72, 103 S.Ct. 864, 868–72, 74 L.Ed.2d 675 (1983).

*Conclusion*

Clough cannot establish that the Department has a duty to assign him to, or retain him in, a certain institutional status which would allow him to participate in outside work programs. *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Consequently, it is manifest on the face of Clough's opening brief that this appeal is without merit because the issues presented on appeal clearly are controlled by settled Delaware law. The State's motion to affirm is granted. Supr.Ct.R. 25(a). The judgment of the Superior Court is hereby affirmed.

felony sex offense or C felony sex offense, during the first 10 years of said sentence, or any person sentenced pursuant to § 4204(k) of this title on any program or status beyond the confines of a secured institution to which the person must be classified.