IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN WINN, | § | |
| | § | No. 611, 2015 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | for the State of Delaware, |
| JOHN EDINGER, | § | |
| | § | C.A. No. N15M-07-231 |
| Respondent Below- | § | |
| Appellee. | § | |

Submitted: January 6, 2016
Decided: February 17, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## O R D E R

This 17th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Stephen Winn, filed this appeal from the Superior Court's order dated October 5, 2015, dismissing his petition for a writ of mandamus. The State of Delaware, as the real party in interest, has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Winn's opening brief that his appeal is without merit. We agree and affirm.

(2)    A Superior Court jury convicted Winn in 2002 of multiple crimes, including Rape in the First Degree and Kidnapping in the First Degree. Winn was

represented at trial by the respondent, John Edinger, Esquire, a lawyer with the Office of the Public Defender. Following his conviction, the Superior Court sentenced Winn to forty-seven years at Level V incarceration followed by a period of probation. This Court affirmed his convictions and sentence on direct appeal.[1] Since that time, Winn has filed multiple unsuccessful petitions seeking postconviction relief.[2]

(3) On July 28, 2015, Winn filed a petition for a writ of mandamus requesting the Superior Court to issue a declaratory judgment holding, among other things, that his former counsel violated the constitution by failing to provide him with a copy of notes from one of the State's witnesses who testified at his 2002 trial. The Superior Court summarily dismissed the petition on the ground that it was plain on the face of Winn's petition that he was not entitled to relief. The Superior Court found that, in essence, Winn was alleging ineffective assistance of counsel and that the issue previously had been raised in other unsuccessful proceedings. This appeal followed.

(4) In his opening brief on appeal, Winn acknowledges that Edinger no longer has a copy of the notes that he seeks. Winn asks this Court to declare that Edinger violated his constitutional rights by failing to provide Winn with a copy of

---

[1] *Winn v. State*, 2003 WL 1442468 (Del. Mar. 19, 2003).

[2] *See, e.g., Winn v. State*, 2015 WL 8710303 (Del. Dec. 11, 2015) (affirming the denial of Winn's fourth petition for postconviction relief).

the notes earlier and to order Edinger to pay him $250,000 in compensatory damages and $500,000 in punitive damages. Alternatively, Winn asks this Court to order a new trial.

(5) A writ of mandamus is an extraordinary remedy issued by the Superior Court to compel an administrative agency or public official to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: 1) he has a clear right to the performance of the duty; 2) no other adequate remedy is available; and 3) the administrative agency or public official has arbitrarily failed or refused to perform its duty.[4] Mandamus will not issue to compel the performance of a discretionary act.[5]

(6) Winn's petition fails for multiple reasons. First, even if Edinger still had a copy of the notes, Winn cannot establish that Edinger has a nondiscretionary duty to provide the notes to him.[6] Moreover, because Winn acknowledges that Edinger no longer has the notes, Winn cannot establish that Edinger arbitrarily refused to give him a copy. Moreover, to the extent Winn asks this Court to declare that Edinger was ineffective for failing to provide him with a copy of the

---

[3] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996); 10 Del. C. § 564.

[4] *Id.*

[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[6] *See State v. Winn*, 2004 WL 3030023 (Del. Super. Dec. 23, 2004) (holding that, "while it is a good practice, there is no requirement that counsel share discovery material with the defendant."), *aff'd*, 2005 WL 3357513 (Del. Dec. 8, 2005).

notes at trial, that issue already has been resolved against him.[7]  He cannot use a

writ of mandamus to relitigate an issue that has already been decided.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is

GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[7] *Id.*

4