IN THE SUPREME COURT OF THE STATE OF DELAWARE

WARD T. EVANS, §
§ No. 257, 2016
Petitioner Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§
COMMISSIONER ROBERT COUPE, § C.A. No. K16M-04-017
§
Respondent Below, §
Appellee. §

Submitted: June 24, 2016
Decided: August 31, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 31st day of August 2016, it appears to the Court that:

(1)    Following his 1982 conviction in the Superior Court on one count of Rape, Evans was sentenced to life in prison with the possibility of parole.[1]  On direct appeal this Court affirmed the Superior Court's judgment.[2]  Since then Evans has challenged his conviction and sentence in nearly two dozen unsuccessful state and federal court applications for relief.  In 1989, this Court enjoined Evans

---

[1] The Court has taken judicial notice of the criminal proceedings in *State v. Evans*, Del. Super., Cr. ID No. 88K01678DI.

[2] *Evans v. State*, 1984 WL 180811 (Del. June 21, 1984).

from filing a further postconviction application without the Court first determining that the proposed application was "neither repetitions nor frivolous."[3]

(2)     On April 14, 2016, Evans filed a complaint in the Superior Court seeking the issuance of a writ of mandamus to the Department of Correction ("DOC"). Evans claimed that the DOC had failed or refused to approve statutory and meritorious good time credits to which he is entitled. By order dated April 20, 2016, the Superior Court dismissed the complaint as legally frivolous after finding that Evans' underlying claim that he is entitled to good time credit was rejected by this Court in 2005 and the Delaware District Court in 2010.[4] Evans filed a motion for reargument of the Superior Court's dismissal, arguing that a recent DOC policy addressing the application of good time credit warranted reconsideration of his request for relief.[5] By order dated May 13, 2016, the Superior Court denied the motion for reargument as without merit, and this appeal followed.

(3)     The Superior Court may issue a writ of mandamus to the DOC to compel the performance of a duty if the petitioner can show (i) a clear right to the performance of a duty; (ii) an arbitrary refusal to perform the duty, and (iii) that no

---

[3] *Evans v. State*, 1989 WL 47828, at *2 (Del. April 27, 1989).

[4] *See Evans v. Coupe*, 2016 WL 1608489 (Del. Super. April 20, 2016) (citing *Evans v. State*, 872 A.2d 539 (Del. 2005) and *Evans v. Phelps*, 722 F.Supp.2d 523 (D. Del. 2010)).

[5] *See* Dep't of Corr., Policy Manual, Policy Number 7.2, *available at* http://doc.delaware.gov/downloads/policies/policy_7-2.pdf.

other adequate remedy is available.[6] In this case, because Evans cannot demonstrate that the DOC has failed or refused to perform a duty owed to him, his mandamus petition was properly dismissed as legally frivolous and the motion for reargument was properly denied. As the Superior Court correctly determined, Evans is not entitled to good time credits over and above what has already been applied to determine the date he became eligible for parole, and the recent DOC policy does not change that result.[7]

(4) When filing this appeal, Evans filed a motion to proceed *in forma pauperis* ("IFP motion") seeking a waiver of the filing fee. The State opposes a waiver of the filing fee. Whether to grant or deny a waiver of the filing fee is within the sound discretion of the Court.[8] In this case, having considered the IFP motion, the response to the motion, and a reply to the response, the Court has determined that the motion should be granted and the fee waived. The Court further concludes, however, that for the reasons stated in the Superior Court's orders of April 20 and May 13, 2016, the dismissal of Evans' complaint as legally frivolous and the denial of his motion for reargument should be affirmed.

---

[6] *Smith v. McBride*, 2016 WL 4191928 (Del. Aug. 4, 2016) (citing *Clough v. State*, 686 A.2d 158, 159 (Del. 1996)).

[7] It appears that Evans became eligible for parole in 1993. He has applied for parole three times and been denied. *Evans*, 872 A.2d at 542.

[8] *See* 10 *Del. C.* § 8802(d) ("Nothing in this chapter shall be interpreted to preclude an individual from filing an action *in forma pauperis* if determined to be appropriate by the court, subject to the limitations set forth in § 8804(f).").

Moreover, the Court cautions Evans that the affirmance of the Superior Court's judgment in this case qualifies as a strike under the "three strikes rule" in 10 *Del. C.* § 8804(f).[9]

NOW, THEREFORE, IT IS ORDERED that the motion to proceed *in forma pauperis* is GRANTED.  The judgment of the Superior Court is AFFIRMED, *sua sponte*, under Rule 25(c).[10]  The motion to compel appellee to file an answering brief is DENIED.[11]

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[9] *See* 10 *Del. C.* § 8804(f) ("In no event shall a prisoner file a complaint or appeal of a judgment arising from a complaint brought in forma pauperis if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a federal court or constitutional or statutory court of the State that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury at the time the complaint is filed.").

[10] *See* Del. Supr. Ct. R. 25(c) (permitting the Court to affirm a trial court's judgment, *sua sponte*, if it is manifest on the face of the opening brief that the appeal is without merit).

[11] That said, the State made well-founded arguments that Evans should not have been granted in forma pauperis status because he did not file a complete and accurate application.  The reality is that, after close consideration, we concluded that it was more efficient to address the merits.  We caution Evans that if he files a non-compliant application in the future, the Court will not hesitate to deny him the right to proceed in forma pauperis.