IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIAN BODNARI, | § | |
| | § | |
| Petitioner Below, | § | No. 107, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DEPARTMENT OF | § | C.A. No. N17M-02-036 (N) |
| CORRECTION, CENTRAL | § | |
| RECORDS, and DETECTIVE | § | |
| STANLEY A. BAYNARD, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | | |

Submitted: May 24, 2017
Decided: July 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of July 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Julian Bodnari, filed this appeal from the Superior Court's dismissal of his complaint for a writ of mandamus.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bodnari's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 1999, Bodnari was arrested and subsequently imprisoned for various crimes.  According to Bodnari, he gave the arresting officer a false name (Mike Lee

Allen), but the false name was discovered and he was later charged under his correct name. On February 7, 2017, Bodnari filed a petition for a writ of mandamus in the Superior Court.

(3) Bodnari sought issuance of a writ of mandamus to the Department of Correction, Central Records, and Detective Stanley A. Baynard ordering them to correct his name on all official records from Mike Lee Allen with an alias of Julian Bodnari to Julian Bodnari. Bodnari argued he was entitled to issuance of a writ of mandamus because: (i) in 2015, he was arrested for (and subsequently pled guilty to) Promotion of Prison Contraband under the name of Mike Lee Allen with an alias of Julian Bodnari after Detective Baynard interviewed him; and (ii) he was terminated from his four-year job in the prison woodshop, interfering with his rehabilitation efforts, due to confusion regarding his name. Upon initial review of the petition, the Superior Court found that it plainly appeared from the face of the petition that Bodnari was not entitled to relief because he failed to establish a clear right to performance of a clearly defined duty of any of the respondents. The Superior Court dismissed the complaint. This appeal followed.

(4) In his opening brief, Bodnari argues he was entitled to issuance of a writ of mandamus. The Superior Court may issue a writ of mandamus to compel the performance of a duty if the petitioner can show: (i) a clear right to the performance of a duty; (ii) an arbitrary refusal to perform the duty; and (iii) that no other adequate

2

remedy is available.[1]  Bodnari pled guilty to the crime he contends was brought under the wrong name and does not have a right to continued DOC employment.[2] Bodnari has not shown a clear right to performance of a duty by the respondents. The Superior Court did not err therefore in dismissing Bodnari's petition.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[2] *Israel v. Coupe*, 2015 WL 3717872, at *1 (Del. June 11, 2015).