IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ERIC HILLER,

    Appellant,

        v.

THE CITY OF REHOBOTH
BEACH,

    Appellee.

C.A. No. S19A-10-001 RFS

## ORDER

Submitted: 8/14/2020
Decided: 9/18/2020

Robert C. McDonald, Esq., 1010 N. Bancroft Parkway, Suite 22, Wilmington, DE 19805, Attorney for Appellant.

Daniel A. Griffith, Esq., 405 N. King Street, Suite 500, Wilmington, DE 19801, Attorney for Appellee.

## I. INTRODUCTION

Before the Court is Eric Hiller's ("Hiller") writ for mandamus.[1] The Court heard oral argument on August 14, 2020 and reserved decision. For the reasons that follow, Hiller's petition is denied.

## II. FACTUAL AND PROCEDURAL HISTORY

At all times relevant, Hiller was a police officer with the Rehoboth Beach Police Department ("RBPD") in Rehoboth, Delaware. The matter currently before the Court arises from an internal investigation administered against Hiller stemming from events that transpired during the transport of a prisoner.

---

[1] Hiller originally filed a writ for certiorari, however, it is clear from the briefing and oral argument he is seeking a writ of mandamus and not a writ certiorari.

RBPD initiated an internal investigation. Hiller was charged with several violations of the Rehoboth Beach Police Department professional standards during an interview, dishonesty and violations of written directions.

In July 2018, Hiller was advised that he must complete a computer voice stress analyzer exam ("CVSA") so that the RBPD might examine the truthfulness of Hiller's statements made during his initial interview involving the events of the prisoner transport. On or about November 30, 2018, Hiller was requested to take a CVSA. An investigator and CVSA examiner, Mike McQuillen ("McQuillen"), was selected to administer the CVSA and Lt. Jaime Riddle ("Riddle") was present. Hiller's wife accompanied Hiller to the CVSA. Riddle asked Hiller and his wife if they were recording the examination, which is prohibited.[2] Hiller's responses to Riddle before the CVSA was started were indirect and circuitous.[3]

> Investigator: Well you are refusing because I am asking you questions…
> Hiller: You asked me and I answered it.
> Investigator: Is anyone other than me recording this interview? I am asking you that question.
> Hiller: Just as you stated right there, I am permitted to ask questions as it relates to my job. Correct?
> Investigator: Is anyone in this room besides me recording this interview?
> Hiller: Not me and I don't know whether that is the only recording he has, I have no idea…
> Investigator: To your knowledge is anyone else in this room besides me and Mr. McQuillen….
> Hiller: I am prepared to go forward.
> Investigator: I asked you a question. Besides me and Mr. McQuillen, is there anyone in this room to your knowledge…
> Hiller: I can speak for myself and me and I am here prepared to go forward. I am here willing to do the interview as asked. I have complied with everything that I am responsible for. And I am here to proceed forward. And if suddenly now you are trying to use me as that I am refusing to do what is asked of me.
> Investigator: You are making this complicated.

---

[2] The Confidentiality Mandate signed by Hiller, dated January 26, 2018, provides that "Principals and/or witnesses are not permitted to record, audio or video, any professional standards interviews or proceedings.") Appellee's Answ. Br. Ex. B.

[3] Appellee's Answ. Br. Ex. D.

Hiller: I am not making it complicated.[4]

Following the above colloquy, Hiller announced he would like to seek counsel and the interview was ended and postponed. McQuillen administered the second CVSA on or about January 25, 2019. During this second CVSA, Hiller was also questioned about recording the first scheduled CVSA. Again, Hiller's wife attended.

Hiller faced the following charges: (1) Count I - Rule 800 - Professional Standards Investigations[5], (2) Count II - Rule 400 - Dishonesty, and (3) Count III - Rule 302 - Rules of Conduct (Violations of Written Directions). Hiller requested a hearing before the disciplinary board. On April 29, 2019 and May 14, 2019, the disciplinary hearing took place before the Disciplinary Hearing Panel ("the Panel"). The Panel was made up of a three-member trial board selected by the Criminal Justice Council under authority of 11 *Del. C.* § 9205(b).[6] On July 12, 2019, the Panel issued its decision.

The Panel found Hiller was not dishonest but was circuitous and semantical. The Panel determined the evidence supported Count I. The Panel concluded that Hiller failed to answer questions and render relevant statements.[7] More specifically, the Panel found the question regarding Hiller's wife recording to be a "simple question" to answer and Hiller failed to answer the questions in a "straightforward manner."[8] The Panel concluded that there was no evidence in

---

[4] Appellee's Answ. Br. Ex. D

[5] Rule 800 provides that "Employees are required to answer questions and render material reports and relevant statements in a professional standard investigation when so directed" and "Employees will submit to a Computer Voice Stress Analyzer if requested in accordance with state statutes and department policies." Appellee's Answ. Br. Ex. C.

[6] 11 *Del. C.* § 9205 provides in relevant part:
> The hearing shall be conducted within the department by an impartial board of officers. The prosecuting party and the officer and/or the officer's representative shall be given an opportunity to present evidence and argument with respect to the issues involved. Both the department and the officer may be represented by legal counsel. In the event an impartial board cannot be convened, then a board of 3 officers or more shall be convened under the auspices of the Delaware Criminal Justice Council.

[7] Appellee's Answ. Br. Ex. A.

[8] *Id.* at 37-38.

the record that Hiller was dishonest or conspired with his wife to record the interview. Therefore, Hiller was found to have committed Count I, but not Counts II and III.

The Panel also found RBPD violated Hiller's The Law-Enforcement Officers' Bill of Rights ("LEOBOR"). These violations included insufficient notice of the CVSA,[9] allowing an outside contractor to question Hiller[10], and questioning Hiller for an unreasonable amount of time.

On or about September 20, 2019, Hiller was discharged. Hiller appealed his termination to the City. Pursuant to Section 11 of Rehoboth Beach Police Departmnet General Order 262A, the Mayor and Commissioners consider whether the Chief's decision to terminate Hiller was just.[11] Hiller's discharge was upheld by the City.

Hiller filed a petition for mandamus, asking this Court to reinstate him to his position as police officer. Oral argument was heard on August 14, 2020, and the Court reserved decision. This is the Court's decision.

### III. PARTIES' CONTENTIONS

Hiller contends his rights were violated as a matter of law and fact when he was terminated as a police officer with Rehoboth Beach Police Department. Hiller argues there were LEOBOR violations throughout the course of the investigation and, therefore, Hiller's termination was in error. Hiller also argues his termination was in error because the Panel found Hiller was not dishonest and a writ of mandamus reinstating him to his position is the appropriate remedy.

---

[9] LEOBOR requires notice in writing of the nature of the investigation prior to being questioned. Hiller received notice of why he was being directed to submit to a CVSA the same day it was to be administered. The Board found notice immediately preceding the investigation to be improper. *Id.* at 40.

[10] McQuillen was not employed by the department, nor did he hold a Delaware Council on Police Training certification. *Id.*

[11] Appellee's Answ. Br. Ex. G.

Hiller argues the violation he was found guilty of took place during the CVSA.[12] Because the Panel determined the CVSA was in violation of Hiller's LEOBOR protections, the evidence obtained during the CVSA cannot be used to support a finding of guilt. Hiller also argues that his termination is inconsistent with the Panel's finding of no dishonesty. Therefore, Hiller argues RBPD, RBPD Chief of Police Keith Banks, the Mayor and the Town Council could not terminate Hiller.

Hiller contends the actions mandated under LEOBOR are ministerial, rather than discretionary; therefore, mandamus is proper.

RBPD argues mandamus is not the appropriate remedy because there are other remedies available to Hiller. RBPD also contends mandamus is not appropriate because Hiller's termination was a discretionary act as the Chief had discretion to choose the type of discipline for Hiller. RBPD also argues Hiller offers no meaningful evidence that he was not guilty of Count I, and Count I allows for termination.

## IV. DISCUSSION

Mandamus is an exceptional remedy that is not available as a matter of right.[13] "A writ of mandamus may be issued by the Superior Court to command a lower court, agency, or public official to perform a duty 'to which the petitioner has established a clear legal right.'"[14] "A writ of mandamus will not issue, however, unless the petitioner can establish that there is no other adequate remedy available." When another remedy is available, the Court will deny mandamus.[15]

---

[12] However, the Rule 800 conviction, as later explained, arose immediately before the first scheduled CVSA, which was not administered.

[13] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

[14] *Id.* (citing *Clough v. State*, 686 A.2d 158, 159 (Del.1996)).

[15] *Haden v. Bethany Beach Police Dep't*, 2014 WL 2964081, at *6 (Del. Super. Ct. June 30, 2014).

At the August 14, 2020 oral argument, counsel and the Court discussed whether there were other remedies available. Throughout the colloquy, counsel agreed there were other avenues Hiller could take.[16] As a matter of law, other remedies were available to Hiller; therefore, the Court declines to exercise the exceptional remedy of mandamus.

Even if the Court were to consider Hiller's petition on the merits, the Court would still decline to exercise its authority and grant mandamus. Hiller contends the Panel's findings of dishonesty and LEOBOR violations warrant a finding his termination was in error. The Panel found Hiller violated Rule 800 – a Class A offense. The Panel based the finding on Hiller's behavior during the pre-CVSA colloquy after a hearing where Hiller had his "day in court" to contest this aspect of his behavior. The Panel found Hiller did not commit the other charges, giving consideration to the LEOBOR violations. A Class A offense allows for termination as a possible punishment. Although Hiller could have received a lesser punishment, termination was still an available discretionary option.

Although termination was an appropriate punishment choice for a Rule 800 violation, Hiller contends the LEOBOR violations warrant reversal of his termination.[17] The Panel found multiple LEOBOR violations; however, not every LEOBOR violation will support issuance of mandamus.[18]

---

[16] Tr. 10:2-6 (Mr. McDonald stated Hiller "could bring a claim in Chancery Court seeking a property interest for injunctive order but ultimately restoring to his duty."); Tr. 11:18-12:4; Tr. 55:13-56:4.

[17] Reference is made to 11 *Del C.* § 9206, which provides:

> No evidence may be obtained, received or admitted into evidence in any proceeding of any disciplinary action which violates any of the rights established by the United States Constitution or Delaware Constitution or by this chapter. The tribunal may not enter any judgment or sustain any disciplinary action based on any evidence obtained in violation of the officer's rights as contained in this chapter.

However, Hiller's pre-CVSA statements are different from what is contemplated by section 9206. The exchange that the Panel found supported Charge I was merely preliminary, and the charge of Rule 800 arose from his evasive responses. Appropriately, the meeting was ended.

[18] *See Smith v. Dep't of Pub. Safety of State*, 1999 WL 1225250, at *13 (Del. Super. Ct. Oct. 26, 1999), *aff'd*, 765 A.2d 953 (Del. 2000). *See also Brittingham v. Town of Georgetown*, 113 A.3d 519, 528 (Del. 2015) ("this Court has

Hiller received a hearing and the Panel absolved him of dishonesty and conspiracy, noting the LEOBOR violations. Ultimately, Hiller was terminated because of the pre-CVSA colloquy, which was preliminary in nature. Hiller knew he was being investigated concerning the transport of the prisoner and would have to submit to a CVSA. Further, he brought his wife as his representative to the CVSA. Hiller was circuitous and semantical when asked whether he or his wife were recording the interview. Recording the interview is prohibited, and Hiller knew that prohibition.[19]

In certain circumstances, mandamus may address LEOBOR violations, including reinstatement; however, the violations must be substantial in nature.[20] LEOBOR violations that do not rise to the level of procedural or substantive due process violations do not warrant mandamus.[21] For example, failing to schedule a hearing and preventing an officer to be heard would be such a violation for mandamus.[22] The violations put forth by Hiller are mere technical ones. Hiller received a hearing and was aware of the charges against him. Hiller was further afforded an appeal of the Chief's decision to terminate him. The Court finds Hiller does not allege violations "sufficiently egregious or compelling to warrant the Court interjecting in the routine disciplinary proceedings of a state agency."[23]

---

also affirmed the trial court's denial of mandamus relief when any violations were technical in nature and there was no prejudice to the officers involved....").

[19] Hiller signed a document, dated January 26, 2018, putting him on notice that principals and witnesses are not permitted to record the interview. Appellee's Answ. Br. Ex. B.

[20] In *Smith*, the plaintiff set forth several LEOBOR violations, including lack of notice prior to being questioned; however, the Court found the violations technical and decline to exercise jurisdiction over the matter pursuant to a writ of mandamus. 1999 WL 1225250 at *12-13.

[21] *Smith*, 1999 WL 1225250 at *13 (The court stated: "The LEOBOR violations set forth in Plaintiff's complaint are technical in nature. The Complaint does not allege violations which rise to the level of procedural or substantive due process violations.").

[22] *See Id.*

[23] *Id.* at *13. *See also Brittingham v. Town of Georgetown*, 2011 WL 2650691, at *4 (Del. Super. Ct. June 28, 2011), *aff'd*, 113 A.3d 519 (Del. 2015).

## V. **CONCLUSION**

Considering the foregoing, even assuming mandamus is available, the Court declines to exercise its discretion on the present record. Therefore, Hiller's petition is denied.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 SEP 18 P 3: 59