IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GEORGE A. JACKSON,                    )
                                      )
      Petitioner,                     )
                                      )
      v.                              )      C.A. No. S20M-11-003 RHR
                                      )
DEPARTMENT OF CORRECTION, )
                                      )
      Respondent.                     )

Submitted: February 8, 2021
Decided: May 12, 2021

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This 12th day of May 2021, upon consideration of the Petition for Writ of

Mandamus, the Department of Correction's Motion to Dismiss, and Petitioner's

Opposition to the Respondent's Motion to Dismiss, it appears to the Court that:

(1)    Petitioner George A. Jackson ("Jackson"), an inmate nearing the end

of a lengthy period of incarceration, is currently housed at Sussex Correctional

Institute. Jackson's sentence did not include a court-ordered period of work

release, but Jackson asked the Department of Correction ("DOC") to allow him to

flow down to Level IV work-release status pursuant to 11 *Del. C.* § 6533 ("Section

6533").  DOC denied that request on October 15, 2020. Jackson filed this Petition

alleging that he has a state-created liberty interest in work-release status and that

DOC violated his procedural due process rights when it denied him that status.

(2)     A writ of mandamus is "a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[1] If the right is doubtful, or the duty discretionary, the petitioner is not entitled to a writ of mandamus.[2]

(3)     Citing *Winsett v. McGinnis,*[3] Jackson argues that Section 6533 creates a state-created liberty interest in work release because he meets all the "eligibility requirements of [Section] 6533(1)(2)(3)".[4] Unfortunately for Jackson, "*Winsett* and its progeny are no longer good law."[5]  The United States Supreme Court has held that "an inmate does not have a constitutionally protected liberty interest in remaining in a particular level or classification of custody."[6]  Similarly, Delaware

---

[1] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[2] *Joyner v. Family Court–New Castle Co.*, 2011 WL 2038777, at *1 (Del. Super. Ct. May 18, 2011), *aff'd* 2011 WL 3585604 (Del. Aug. 15, 2011).
[3] 617 F.2d 996, 1007 (3d Cir. 1980) (holding that "a state-created liberty interest in work release arises when a prisoner meets all eligibility requirements under the state regulations and the exercise of the prison authorities' discretion is consistent with work release policy").
[4] Petition for Writ of Mandamus ("Pet."), at 1.
[5] *Powell v. Weiss*, 757 F.3d 338, 345 (3d Cir. 2014).
[6] *Nicholson v. Snyder*, 1992 WL 354208, at *1 (Del. Oct. 19, 1992) (*citing Hewitt v. Helms*, 459 U.S. 460, 466-467 (1983)).

courts have consistently maintained that inmates do not have a protected right to a certain classification decision.[7]

(4) Furthermore, Jackson misconstrues Section 6533. He argues that he is "entitled to have his application approved if all eligibility criteria are met."[8] Section 6533, however, does not create a right to work release; rather, it prohibits DOC from granting work-release status to an inmate whose release date is more than six months away and who is serving a sentence for certain, specified convictions. Even if Jackson is not prohibited by Section 6533 from going to work release, Section 6533 does not require DOC to classify him there. Because Jackson has no clear legal right to work release and no right to the performance of a duty in this instance, a writ of mandamus cannot be granted.

(5) Jackson also alleges the DOC "classification team" violated his procedural due process rights in "deliberately relying on impermissible criteria outside of § 6533(d) to deny him work release,"[9] and he asks this Court to enjoin DOC from doing so. But, because Jackson has no constitutionally protected liberty interest in work release status, his due process claim fails.[10]

---

[7] *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *3 (Del. Super. Ct. Dec. 4, 2013); *Nicholson,* 1992 WL 354208, at *2; *Ali v. Phelps*, 2011 WL 4824156, at *1 (Del. Oct. 11, 2011).
[8] Petitioner's Opposition to Defendant's Motion to Dismiss, at 3.
[9] Pet., at 2.
[10] *Pinkston,* 2013 WL 6439360, at *3.

NOW, THEREFORE, IT IS ORDERED that Jackson's Petition for Writ of Mandamus is DENIED.

/s/ Robert H. Robinson, Jr.
Robert H. Robinson, Jr., Judge
