IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIAN KARPOFF, | § | |
| | § | No. 362, 2024 |
| Petitioner Below, Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| SUSSEX COUNTY BOARD OF | § | C.A. No. S24M-01-039 |
| ADJUSTMENT, SUSSEX COUNTY, | § | |
| and ATLANTIC CONCRETE CO., | § | |
| INC., | § | |
| | § | |
| Respondents Below, Appellees. | § | |

Submitted: March 14, 2025
Decided: May 12, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Julian Karpoff, appeals from the Superior Court's order dated July 31, 2024, that dismissed Karpoff's petition for a writ of mandamus. For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     Atlantic Concrete Company, Inc. ("Atlantic") is engaged in concrete-recycling activity on a property near Karpoff's residential property in Lewes. On March 4, 2022, Karpoff sent a letter to Jamie Whitehouse, Director of the Sussex County Department of Planning and Zoning, asserting that Atlantic's concrete

production and batching activities—which involved daily dumping of cement and periodic breaking of concrete using a "noxious device similar to a mechanized jack-hammer," causing substantial noise and vibration—were in violation of applicable zoning laws.[1] By letter dated April 29, 2022 (the "Determination Letter"), Whitehouse determined that the concrete production and batching has been occurring on the property since 1969, prior to the adoption of the Sussex County Code in 1970, and is therefore a permitted non-conforming use.[2] The Determination Letter stated that the decision could be appealed to the Sussex County Board of Adjustment (the "Board") under Section 115-209 of the Sussex County Code.

(3) Karpoff timely appealed the Determination Letter to the Board on May 26, 2022. Thereafter, he also filed a complaint against Atlantic and Sussex County in the Court of Chancery seeking "abatement of Defendant Atlantic's use of the Subject Land for industrial operations, including concrete recycling, and a declaratory judgment binding both Defendants that Defendant Atlantic's use of the Subject Land for concrete recycling is unlawful under the applicable zoning law."[3] The Board proceedings stalled while the Court of Chancery matter proceeded. On February 28, 2023, a Magistrate in Chancery issued a report finding that the action

---

[1] Appendix to Appellee Sussex County's Answering Brief at B-223–24.
[2] *Id.* at B-226–28.
[3] *Karpoff v. Atl. Concrete Co.*, C.A. No. 2022-0621, Docket Entry No. 1, Complaint ¶ 12 (Del. Ch. filed July 15, 2022).

2

should be dismissed in favor of the first-filed Board proceedings.[4] Through the exceptions process, Karpoff was granted leave to file an amended complaint to add a new party and additional claims.[5] The Magistrate's dismissal of the zoning claims in favor of the Board appeal later became final.[6]

(4) Activity in the Board appeal resumed. Karpoff and the Board's counsel disagreed as to how the appeal should proceed. For example, Karpoff's request that the Board issue witness and document subpoenas was declined. Karpoff and counsel also disagreed about the procedures for hearing from witnesses. Karpoff maintained that he did not have a complete copy of the record on which the Determination Letter was based—specifically, he asserted that he should receive copies of any documents that Atlantic had submitted to Whitehouse.

(5) Karpoff also sought the Board members' recusal. He asserted that the Board's rules established that Whitehouse performed a variety of functions for the Board, including conducting official correspondence, preparing the agenda of Board meetings, determining which items will be placed on the agenda, and maintaining files of Board meetings, among other duties. Karpoff asserted that the close association between Whitehouse and the Board created an appearance of bias as to

[4] *Karpoff v. Atl. Concrete Co.*, 2023 WL 2260588 (Del. Ch. Feb. 28, 2023) (Magistrate report).
[5] *Karpoff v. Atl. Concrete Co.*, 2023 WL 5529695 (Del. Aug. 25, 2023).
[6] *Karpoff*, C.A. No. 2022-0621, Docket Entry No. 90 (Del. Ch. Dec. 6, 2023). Karpoff filed an amended complaint in the Court of Chancery adding the State of Delaware Department of Natural Resources as a defendant and asserting a claim alleging that Atlantic's activities on the property violate the Coastal Zone Act. The Court of Chancery proceedings are ongoing.

the Board's consideration of Karpoff's appeal from Whitehouse's Determination Letter. The Board members did not recuse.

(6) On January 17, 2024, Karpoff filed a petition for a writ of mandamus against the Board in the Superior Court. He filed an amended petition on February 15, 2024, which added Sussex County and Atlantic as defendants. The amended petition asked the court to issue a writ of mandamus directing the Board to (i) proceed with Karpoff's appeal; (ii) direct Sussex County to provide Karpoff with a complete copy of the record on appeal; (iii) issue witness and document subpoenas; (iv) allow Karpoff to conduct direct examination of fact and expert witnesses that he called and to cross-examine hostile witnesses that he called; and (v) allow Karpoff to cross-examine witnesses called by others. The pleading also asserted a second count for declaratory judgment, in which Karpoff asked the court to "declare his right to the foregoing Mandamus relief and bind Defendants Sussex [County] and Atlantic to the result."

(7) In the amended petition, Karpoff alleged that the Board was "repudiating its own Rule BOA Rule 15.3," which provides that an appellant will be "afforded the opportunity to present testimony and evidence supporting the application" and "permitted to present witnesses and introduce exhibits, petitions,

4

and other documents into the record."[7]  Pointing to Section 115-208.E of the Sussex County Code, which provides that the Board chair "may administer oaths and compel the attendance of witnesses,"[8] he asserted that the Board "has the power to issue subpoenas and cannot restrict their issuance arbitrarily."  He also alleged that the Board, through its counsel's positions as to the examination and cross-examination of witnesses, was arbitrarily restricting witness testimony.  Karpoff further alleged that the Board was required to provide him with a copy of the record on appeal, including Atlantic's submissions, but had arbitrarily failed to do so.

(8)     The Superior Court granted the respondents' motions to dismiss.  The court determined that Karpoff had not exhausted his administrative remedies and had not demonstrated that such remedies would be futile.[9]  It emphasized that "[t]he eventual decision of the Board will also carry its own set of appellate rights at law."[10]  The court also found that the amended petition did not request recusal of the Board and stated that, even if the amended petition had requested such relief, the court would have denied the request under the exhaustion doctrine.[11]

---

[7] Rules of Procedure of the Board of Adjustments and Appeals Rule 15.3, *at* https:// sussexcountyde.gov/rules-procedure-board-adjustments-and-appeals [hereinafter Board Rules]. As noted *infra* note 22, the language of the Board's rules as posted on the Sussex County government's website differs in some respects from the language of the rules included in Karpoff's appendix.  We do not know whether the rules have been amended since the amended petition was filed, but the difference in Rule 15.3 is immaterial to the resolution of this appeal.

[8] Sussex County Code ch. 115, art. XXVII, § 115-208.E, *at* https://ecode360.com/8885269.

[9] *Karpoff v. Sussex Cty. Bd. of Adjustment*, 2024 WL 3595757, at *2 (Del. Super. July 31, 2024).

[10] *Id.*

[11] *Id.*

(9) On appeal from the Superior Court's order, Karpoff argues that the Board "has apparent relational and operation[al] conflicts of interest" that "give rise to a reasonable basis to question its impartiality."[12] He asserts that the Board's failure to provide him with the complete record[13] and the Board's counsel's insistence that he waive the right to assert his Chancery claims before an appeal hearing would be scheduled demonstrate the Board's bias and inability to fairly adjudicate the matter. He therefore contends that pursuing his appeal to the Board is an inadequate remedy and the Superior Court erred by concluding that he could not demonstrate the futility of exhausting that remedy.

(10) After careful consideration,[14] we have concluded that the Superior Court did not abuse its discretion by dismissing the amended petition.[15] "Mandamus is an exceptional remedy that is not available as a matter of right, but rather, is issued

---

[12] Opening Brief at 10.

[13] Specifically, Karpoff claims that he was provided with an email between Whitehouse and an employee of the State of Delaware but not all the attachments to the email, despite asking for them.

[14] We have considered Karpoff's request for oral argument in this appeal and determined that the matter should be decided upon the briefs. *See generally* Del. Supr. Ct. R. 16(a) ("There shall be oral argument only in those appeals and original proceedings designated by the Court. Otherwise, cases shall be deemed submitted for decision upon the briefs.").

[15] *See Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (stating that this Court reviews the Superior Court's denial of a petition for a writ of mandamus for abuse of discretion); *see also Boone v. State Dep't of Health & Social Servs.*, 144 A.3d 1108, 2016 WL 4091237, at *1 (Del. July 22, 2016) (TABLE) (holding that Superior Court did not abuse its discretion by dismissing mandamus petition on basis that the duty that the petitioners sought to have state agency perform was discretionary in nature); *Riley v. Carroll*, 841 A.2d 308, 2003 WL 22992207, at *1 (Del. Dec. 17, 2003) (TABLE) (stating that Superior Court was "within its discretion to dismiss" mandamus petition for failure to state a claim upon which relief may be granted under Rule 12(b)(6) because petitioner had "failed to show a clear legal right to the performance of a duty" by the respondent officials).

only according to the sound judicial discretion of the court in which mandamus is sought."[16] It "is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[17] "For the performance of a duty to be clearly owed to a petitioner, it must be nondiscretionary or ministerial, meaning that it is 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'"[18] A writ of mandamus will not issue unless the petitioner can establish that there is no other adequate remedy available.[19] In sum, as a "condition precedent" to the issuance of the writ, the petitioner must demonstrate that (i) he has a clear right to the performance of a nondiscretionary duty; (ii) no other adequate remedy is available; and (iii) the respondent has arbitrarily failed or refused to perform its duty.[20]

(11) The amended petition sought an order directing the Board to do five things: (i) proceed with Karpoff's appeal; (ii) direct Sussex County to provide Karpoff with a complete copy of the record on appeal; (iii) issue subpoenas; (iv) allow Karpoff to conduct direct examination of fact and expert witnesses that he

---

[16] *Brittingham*, 113 A.3d at 524 (citation and internal quotations omitted).
[17] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[18] *Brittingham*, 113 A.3d at 524.
[19] *Clough*, 686 A.2d at 159; *see also Brittingham*, 113 A.3d at 524 ("The Superior Court has broad discretion to deny a petition where the legal duty is unclear or the petitioner has another remedy available.").
[20] *King v. State*, 108 A.3d 1225, 2015 WL 317128, at *1 (Del. Jan. 23, 2015) (TABLE).

called and to cross-examine hostile witnesses that he called; and (v) allow Karpoff to cross-examine witnesses called by others. As to the production of the record, issuance of subpoenas, and the procedures for witness testimony, Karpoff has not demonstrated that he has no other adequate remedy. The Board has discretion in its determinations with respect to the examination of witnesses and the issuance of subpoenas.[21] And if the Board arbitrarily or otherwise erroneously decides those matters or withholds portions of the record to which Karpoff is entitled—and its ultimate merits decision is adverse to Karpoff—then Karpoff can assert those arguments in a petition for review by the Superior Court.[22] Karpoff therefore has an

---

[21] *Cf. Torres v. Allen Family Foods*, 672 A.2d 26, 31–32 (Del. 1995) (discussing the scope of the Industrial Accident Board's discretion as to the issuance of subpoenas, the admission of evidence, and the cross-examination of witnesses).

[22] *See* 9 *Del. C.* § 6918(a) ("Any persons jointly or severally aggrieved by a decision of the Board of Adjustment or any taxpayer or any officer, department, board or bureau of the County may present to the Superior Court in and for Sussex County, a petition duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the Court within 30 days after the filing of the decision in the office of the Board."). *Cf. Torres*, 672 A.2d at 31–32 (reviewing the Superior Court's review of the Industrial Accident Board's refusal to issue subpoenas).

We note that the Board's rules, as posted on the Sussex County government's website, do not contain the limitation on cross-examination that appears in the copy of the rules provided in Karpoff's appendix in this appeal. *Compare* Appendix to Opening Brief at A-II.35 (providing, in Board Rule 14.6: "During the presentation of an appeal or application to the Board, persons addressing the Board shall identify themselves by name and place o[f] residence. No cross-examination of witnesses or applicants will be permitted. All questions for others should be directed to the Board and the Board may direct the question to the appropriate person. Nothing in this Paragraph shall limit an attorney from directly questioning witnesses in support of the position the attorney is advocating."), *with* Board Rules, *supra* note 7 (providing, in Rule 14.6, only that "[d]uring the presentation of an appeal or application to the Board, persons addressing the Board shall identify themselves by name and place o[f] residence," and not including any express limitation on cross-examination). Because of that discrepancy, it is not clear whether the Board will prohibit cross-examination. This is further reason that the Board should address Karpoff's

adequate remedy—a petition for review of the Board's decision in the Superior Court.

(12) Similarly, after the conclusion of the Board appeal, Karpoff may file a petition for review under 10 *Del. C.* § 6918 and present his claim that the Board erroneously denied his motion for recusal. Although Karpoff pointed to the Board's purported lack of impartiality in support of his contention that the Board appeal is an inadequate remedy, the amended petition did not ask the Superior Court to direct the members of the Board to recuse. In any event, a writ of mandamus directing the Board members to recuse themselves would not be warranted because recusal is a matter within the discretion of the official whose recusal is sought,[23] and the remedy for a wrongful refusal to recuse in this matter is a petition for review by the Superior Court under Section 6918.

(13) That leaves the amended petition's request for an order directing the Board to proceed with Karpoff's appeal. We agree that the Board appeal should proceed to a hearing. But the delay in scheduling a hearing is largely attributable to Karpoff's filing of litigation in two other venues and his insistence that the hearing should not proceed unless it proceeded in precisely his preferred manner. Whether

---

discovery and procedural positions in the first instance and bring the appeal to a conclusion before Karpoff presents his arguments to the Superior Court.

[23] *In re Coleman*, 115 A.3d 1214, 2015 WL 3649537 (Del. June 9, 2015) (TABLE); *In re Webb*, 23 A.3d 866, 2011 WL 2685731 (Del. July 11, 2011) (TABLE).

9

or not the Board's counsel insisted that Karpoff waive legal rights before a hearing would be scheduled, the amended petition admitted that counsel had abandoned that position in January 2024, before the mandamus action was filed. Accordingly, the dispute about waiver did not establish grounds for a writ of mandamus. We find no reversible error in the Superior Court's dismissal of the amended petition. If the Board does not schedule and hold a hearing within a reasonable time, then Karpoff may file a new petition for appropriate relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

10