IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID T. YARBOROUGH, | § | |
| | § | No. 32, 2025 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 24M-03-084 |
| TERRA TAYLOR and JONATHAN | § | |
| BECK, | § | |
| | § | |
| Respondents Below, Appellees. | § | |

Submitted: November 7, 2025
Decided: December 16, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, David T. Yarborough, is incarcerated at the James T. Vaughn Correctional Center.  In 2024, Yarborough commenced an action in the Superior Court in which he sought an order compelling Department of Correction officials to vacate a disciplinary write-up and sanction imposed on him in 2022. After briefing and argument, the Superior Court dismissed Yarborough's claim in a bench ruling, concluding that the claim was barred by the doctrine of *res judicata*.

(2)     On appeal to this Court, Yarborough contends that the deputy warden violated Bureau of Prisons policy and Yarborough's due process rights by denying

his disciplinary appeal before he filed it, although the appeal deadline had not passed. He does not address the Superior Court's determination that his claim was barred by *res judicata*.

(3)     A writ of mandamus is "a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[1]  Although not styled as a petition for a writ of mandamus, Yarborough's complaint in the Superior Court sought mandamus relief.[2]  "Mandamus is an exceptional remedy that is not available as a matter of right," but "is issued only according to the sound judicial discretion of the court in which mandamus is sought."[3]  The petitioner must demonstrate that (i) he has a clear right to the performance of a nondiscretionary duty; (ii) no other adequate remedy is available; and (iii) the respondent has arbitrarily failed or refused to perform its duty.[4]  We review the Superior Court's denial of a petition for a writ of mandamus for abuse of discretion.[5]

(4)     Yarborough has not shown that the Superior Court abused its discretion by dismissing his claim as barred by *res judicata*.  Yarborough previously filed a

---

[1] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[2] *See Yarborough v. Taylor*, C.A. No. N24M-03-084, Docket Entry No. 1 (Del. Super. Ct. filed Mar. 15, 2024) ("WHEREFORE, the Plaintiff prays the Court order the Delaware Department of Corrections Commissioner to vacate the aforementioned write-up out of Delaware Automated Correction System (DACS) and Plaintiff's prison record.").

[3] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (internal quotations omitted).

[4] *King v. State*, 2015 WL 317128, at *1 (Del. Jan. 23, 2015).

[5] *Brittingham*, 113 A.3d at 524.

petition for a writ of mandamus seeking the same relief he seeks in this action, on the same grounds.[6]  The Superior Court dismissed that petition in February 2023, holding that Yarborough did not establish that he has a clear legal right to the performance of a duty or that no other adequate remedy was available.  Yarborough did not appeal the Superior Court's dismissal of the previous petition.  In this appeal, Yarborough does not explain how the Superior Court erred by determining that the 2023 dismissal precluded relitigation of his claim.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Yarborough v. Hudson*, 2023 WL 1859737 *Del. Super. Ct. Feb. 8, 2023).

[7] *See generally Dover Hist. Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006) ("*Res judicata* operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.").